# Richmond

## CLEMON DIXON v. COMMONWEALTH.

January 11, 1934.

Present, All the Justices.

The opinion states the case.

*A. S. Hester* and *John D. Easley,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

Epes, J., delivered the opinion of the court.

The plaintiff in error, Clemon Dixon, was arraigned in the Corporation Court of the city of Lynchburg upon an indictment which charges "that Clemon Dixon, on the 24th day of February, * * * 1933, within said city, unlawfully and feloniously did kill and murder one William Haas."

Upon his arraignment the accused pleaded "guilty;" and thereupon the court impaneled a jury to try the case. After hearing the evidence and argument of counsel, the jury returned the following verdict: "We, the jury, find the prisoner guilty of first degree murder as charged in the within indictment and fix his punishment at death." The court entered judgment upon this verdict, sentencing the accused to death by electrocution.

So far as the record discloses, the accused made no objection to anything that was done by the court, nor was a motion made to set aside the verdict.

The accused is here contending that he is entitled to have the judgment of the court reversed and to be awarded a new trial, because the court submitted his case to a jury instead of trying him itself, without the intervention of a jury.

Section 8, article 1, of the Constitution of Virginia, as it read prior to the amendment of 1928, and section 4900, Code Virginia 1919, so far as they are here material, and section 4919, Code Virginia 1919, read as follows:

Article 1, section 8, Constitution of Virginia: "* * * in all criminal prosecutions a man hath a right to demand the cause and nature of his accusation, to be confronted with the accusers and witnesses, to call for evidence in his favor, and to a speedy trial by an impartial jury of the vicinage, without whose unanimous consent he cannot be found guilty; provided, however, that in any criminal case, upon a plea of guilty, tendered in person by the accused, and with the consent of the attorney for the Commonwealth, entered of record, the court *shall,* and in a prosecution for an offense not punishable by death, or confinement in the penitentiary, upon a plea of not guilty, with the consent of the accused, given in person, and of the attorney for the Commonwealth, both entered of record, the court, in its discretion, may hear and determine the case without the intervention of a jury." (Italics ours.)

"Section 4900. How panel selected and jury constituted; how trial had upon plea of guilty without a jury.—In every case of a felony, there shall be selected from the persons summoned, as aforesaid, a panel of twenty persons, free from exception, from which panel the Commonwealth may strike four and the accused four, and the remaining twelve shall constitute the jury for the trial of the accused. * * * If either the accused or the attorney for the Commonwealth fail to strike off any, or if they strike off a less number, than above allowed, twelve of the panel, or of those remaining thereon, shall be selected by lot who shall constitute the jury, provided, however, that upon a plea of guilty, tendered in person by the accused, and with the consent of the attorney for the Commonwealth, entered of record, the court *shall* hear and determine the case without the intervention of a jury. In such cases the court shall have and exercise all the powers, privileges and duties given to juries" by certain

named sections "or by any other statute relating to crimes and punishments." (Italics ours.)

Section 4919, Code Va. 1919: "If a person indicted for murder be found by the jury guilty thereof, they shall in their verdict fix the degree thereof and ascertain the extent of the punishment to be inflicted within the bounds prescribed by sections forty-three hundred and ninety-four and forty-three hundred and ninety-five. If the accused confess the indictment to be true, the court *shall* ascertain the extent of the punishment within the same bounds, and give sentence accordingly." (Italics ours.)

Under these sections of the Constitution and the Code this question (which was not decided in any of the opinions handed down by this court) was raised: "Where a person indicted for murder pleads guilty to the indictment, and the attorney for the Commonwealth consents that the court shall try him without the intervention of a jury, is it mandatory that the court shall try him and fix his punishment, or is it left to the discretion of the court as to whether it will try the accused or submit the case to a jury?[1] It was a matter of common knowledge in the legal profession that this question had been raised, and that there was a difference of opinion on the question; and it was with this knowledge that the amendment of section 8, article 1, of the Constitution was submitted to and adopted by the people in 1928.

As amended in 1928, section 8 of article 1 was amended to read, so far as is here material, as follows:

\* \* \* \* \* \* \* \* \*

"In criminal prosecutions a man hath a right to demand the cause and nature of his accusation, to be confronted with the accusers and witnesses, to call for evidence in his favor, and to a speedy trial by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty. He shall not be deprived of life or liberty, except by the law of the land or the judgment of his peers; nor be compelled in any criminal proceeding

---

[1] Upon a related question, see Editorial, 6 Va. L. Reg. (N. S.) 456; *Williams* v. *Com.*, 128 Va. 698, 709, 104 S. E. 853.

to give evidence *again* himself, nor be put twice in jeopardy for the same offense.

\* \* \* \* \* \* \* \* \* \*

"In criminal cases, the accused may plead guilty; and, if the accused plead not guilty, with his consent and the concurrence of the Commonwealth's attorney and of the court entered of record, he may be tried by a smaller number of jurors, or waive a jury. *In case of such waiver, or plea of guilty, the court shall try the case."* (Italics ours.)

██ Whatever may have been the proper construction of the provision of section 8, article 1, of the Constitution, before its amendment, it is plain that the language of this section as amended makes it mandatory that, whenever an accused pleads guilty to the whole of any indictment, the court shall try the case without the intervention of a jury. To the extent that sections 4900 and 4919 of the Code are in conflict with section 8, article 1, of the Constitution as amended, they are unconstitutional.

██ The court had no more authority to submit the degree of guilt and the question of the punishment to be inflicted upon the accused to a jury for its determination than it had to submit these questions to any of the other bystanders for their determination. The accused and the public were both entitled to the independent judgment of the court upon the degree of his guilt and the punishment to be inflicted, uninfluenced by the judgment or advice of the "jury" or other bystanders.

██ The provision of section 8, article 1, of the Constitution here under consideration is self-executing, and goes to the very nature of the tribunal by which an accused who pleads guilty *shall* be tried. It cannot be waived by the accused, and, if breached, objection to its breach may be raised for the first time in this court. In *Hopt* v. *Utah,* 110 U. S. 574, 4 S. Ct. 202, 204, 28 L. Ed. 262, Justice Harlan, in holding that the accused could not waive the statutory requirement as to his personal presence at his trial, said:

"The argument to the contrary necessarily proceeds upon the ground that he alone is concerned as to the mode by which he may be deprived of his life or liberty, and that the chief object of the prosecution is to punish him for the crime charged. But this is a mistaken view, as well of the relations which the accused holds to the public as of the end of punishment. The natural life, says Blackstone, 'cannot legally be disposed of or destroyed by any individual, neither by the person himself nor by any other of his fellow creatures, merely upon their own authority.' 1 Bl. Comm. 133. The public has an interest in his life and liberty. Neither can be lawfully taken except in the mode prescribed by law. That which the law makes essential in proceedings involving the deprivation of life or liberty cannot be dispensed with or affected by the consent of the accused; much less by his mere failure, when on trial and in custody, to object to unauthorized methods." See, also, *Noell* v. *Com.,* 135 Va. 600, 115 S. E. 679, 30 A. L. R. 1345.

The judgment of the trial court will be reversed, and the case remanded for a new trial.

*Reversed.*