# Richmond

MELVIN COTTRELL v. COMMONWEALTH OF VIRGINIA.

March 1, 1948.

Record No. 3344.

Present, All the Justices.

The opinion states the case.

*W. A. Hall, Jr.,* for the plaintiff in error.

*Harvey B. Apperson, Attorney General,* and *Ballard Baker,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error, defendant below, complains of the judgment of the trial court sentencing him to confinement in the penitentiary for life for the crime of rape. In his statement of the material proceedings in the lower court, required by our Rule 14, he says:

"An indictment was returned by the Grand Jury into the Circuit Court of Warwick County, Virginia, January 20, 1947, charging plaintiff in error, a colored man, of a good reputation, with the rape of a little colored girl by the name of Nadine McCoy, on the 16th of January, 1947;" that the trial took place on January 31, 1947, resulting in the sentence stated and "a transcript of the record is herewith filed and made a part hereof."

The record filed and presented to us contains only the order showing the finding of the indictment, the judgment a minute or memorandum thereon signed by the trial judge, and the order of conviction and sentence. None of the evidence is preserved, and none of the proceedings of the trial is shown except what appears in the order and memorandum.

The indictment, which was returned on January 20, 1947, charged that the defendant, on January 16, 1947, "with force and arms, in and upon one Nadine McCoy, a female child under the age of sixteen years, to-wit, the age of six years, feloniously did make an assault, and her the said Nadine McCoy, then and there, to-wit, on the day and year aforesaid, unlawfully and feloniously did carnally know and abuse, * * *."

On January 31, 1947, this order was entered:

"This day came the attorney for the Commonwealth and the accused was led to the bar in the custody of the Sheriff of this county (and as such jailor), and it appearing to the court that the accused is not represented by counsel the court thereupon appointed Frank H. Pitchford to defend him, and being arraigned, plead not guilty to the indictment, and thereupon came a jury viz:" (naming them), "who were sworn the truth of and upon the premises to speak, and after hearing partially the evidence, the accused moved the court to allow him to withdraw his plea of not guilty and enter a plea of guilty, which motion the court granted, and the jury was discharged from further consideration of this case, and the court after hearing fully the evidence, doth find the said Melvin Cottrell, guilty of rape, and doth fix and ascertain his punishment to be imprisonment in the State Penitentiary for life.

"Thereupon, it being asked of the said Melvin Cottrell, if anything for himself he had, or knew to say, why this court should not now proceed to pronounce judgment against him according to law, and nothing being offered or alleged in delay of judgment, it is considered by the court that the said Melvin Cottrell be imprisoned in the Penitentiary House of this Commonwealth for life, the period by the court in its verdict ascertained, therein to be kept imprisoned and treated in the manner directed by law, for the term aforesaid, and the Commonwealth recover its costs about this prosecution expended. And the said Melvin Cottrell is remanded to jail."

Upon this record the defendant contends, first, that

there was not a proper assignment of counsel to meet the due process of law requirement of the Fourteenth Amendment to the Federal Constitution, and relies on *Powell* v. *Alabama*, 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527.

That case, on its facts, bears little relation to this. There the trial took place "in an atmosphere of tense, hostile and excited public sentiment;" the defendants were young, ignorant and illiterate residents of another State; immediately upon the return of the indictment they were arraigned and pleaded not guilty; they were not asked whether they had, or were able to employ, counsel, or wanted to have counsel appointed, or whether they had friends or relatives who might assist them, and "such designation of counsel as was attempted was either so indefinite or so close upon the trial as to amount to a denial of effective and substantial aid in that regard." * * * and "was little more than an expansive gesture, imposing no substantial or definite obligation upon any one * * *." "No attempt was made to investigate. No opportunity to do so was given. Defendants were immediately hurried to trial." There, as was stated, the appearance of counsel "was rather pro forma than zealous and active." Under those circumstances it was held that the defendants were not accorded the right of counsel in any substantial sense, and that the failure of the trial court to give them reasonable time and opportunity to secure counsel, or to make an effective appointment of counsel, was a denial of due process. The court added:

"* * * * Whether this would be so in other criminal prosecutions, or under other circumstances, we need not determine. All that it is necessary now to decide, as we do decide, is that in a capital case, where the defendant is unable to employ counsel, and is incapable adequately of making his own defense because of ignorance, feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law; and that duty is

not discharged by an assignment at such time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." 53 S. Ct. 65.

None of the elements which led the court to its conclusion in the *Powell Case* is present in this case. Here there is nothing to indicate that the defendant was young, ignorant or illiterate; or that he was away from his family or friends; or that they could not have helped him if there was any help for him. Certainly, so far as suggested by the record, there was no atmosphere of public hostility or surveillance by military force, as in the *Powell Case*. The record here does not show that the defendant did not have time and opportunity to secure counsel if he had so desired, or that the assignment of counsel for him was under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case.

There is no suggestion in the record that counsel assigned was lacking in skill, ability or diligence. It is to be presumed that he was competent. *Maye* v. *Pescor*, 8 Cir., 162 F. (2d) 641, 643. It is also to be presumed that if anything was to be gained by a postponement or a continuance, or if any evidence was available that was not at hand, counsel would have made an appropriate motion, and there is nothing to indicate that it would not have been granted if any reasonable basis for it had been shown. There is nothing to suggest that there was any hurry about the trial.

So far from its appearing that there was any element of unfairness in the trial, or anything done to the prejudice of the defendant's rights, the contrary is a fair inference from the record. When the defendant was brought to the bar and the court ascertained that he was not represented by counsel, the court appointed counsel for him. The defendant was then arraigned and pleaded not guilty and proceeded to trial before a jury. There is nothing to suggest that he was not then as ready for trial as he would have been days or weeks later. After the jury had heard part of the evidence, and the defendant and his counsel had

heard it, too, the defendant asked the court to allow him to withdraw his plea of not guilty and to enter a plea of guilty. The court granted that motion, discharged the jury, heard fully the evidence, and found the defendant guilty.

That was no uncommon occurrence in criminal trials. It has frequently happened when evidence produced has established guilt so clearly that it would be hopeless to try to combat it. What the nature of that evidence was in this case we are not told, because the defendant has not seen fit to bring it here. Evidently it was adequate to establish guilt and to persuade the defendant and his attorney that the wiser course was to admit his guilt and hope for a lighter punishment from the court than from the jury. His punishment could have been death. Code, 1942, Michie, section 4414.

Since the *Powell Case* the question of due process in criminal cases has come before the Supreme Court many times. In *Betts* v. *Brady*, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595, it was said that its application was less a matter of rule than was the case with other specific and particular provisions of the Bill of Rights, and that "asserted denial is to be tested by an appraisal of the totality of facts in a given case." 62 S. Ct. 1256. In that case the defendant was charged with robbery, was unable to employ counsel and requested the trial court to appoint counsel for him. The trial court refused and the defendant pleaded not guilty, waived a jury and conducted his own defense before the judge, who imposed a sentence of eight years. Under the facts of that case the court held there had been no denial of due process, and stated that "we cannot say that the amendment embodies an inexorable command that no trial for any offense, or in any court, can be fairly conducted and justice accorded a defendant who is not represented by counsel." 62 S. Ct. 1262.

In *Avery* v. *Alabama*, 308 U. S. 444, 60 S. Ct. 321, 84 L. Ed. 377, where the defendant had been convicted of murder and sentenced to death, the question presented was whether the Fourteeth Amendment was violated when the

trial court denied the motion of appointed counsel for a continuance made on the ground that they had not had sufficient time and opportunity since their appointment to investigate and prepare his defense. The court held there had been no violation, and said:

"Since the Constitution nowhere specifies any period which must intervene between the required appointment of counsel and trial, the fact, standing alone, that a continuance has been denied, does not constitute a denial of the constitutional right to assistance of counsel. In the course of trial, after due appointment of competent counsel, many procedural questions necessarily arise which must be decided by the trial judge in the light of facts then presented and conditions then existing." 60 S. Ct. 322.

In *Canizio* v. *New York*, 327 U. S. 82, 66 S. Ct. 452, 90 L. Ed. 545, the court assumed that the defendant was without counsel when he was arraigned and pleaded guilty, and that the trial court failed to inform him of his right to counsel, but held that this defect was cured by his being represented by counsel before and at sentence. It was said that the attorney could have moved to withdraw the plea of guilty, but "petitioner's counsel probably thought it undesirable to do so, because this move might have jeopardized his chances for securing a low sentence. * * * At any rate, whatever the reason petitioner's counsel did not move to withdraw the guilty plea. All of this demonstrated to the satisfaction of the court below that even though petitioner may not have had counsel at the beginning, he had counsel in ample time to take advantage of every defense which would have been available to him originally. We think the record shows that petitioner actually had the benefit of counsel. When that counsel took over petitioner's defense he could have raised the question of a defect in the earlier part of the proceedings. Failing to do so when the statute afforded him the opportunity, we cannot say that the court denied petitioner the right to have a trial with the benefit of counsel." 66 S. Ct. 453-54.

With the benefit and advice of counsel, the defendant

here took the reverse procedure and changed his plea of not guilty to a plea of guilty, and we perceive no reason why he should not be in like manner bound by the result.

In *Carter* v. *Illinois*, 329 U. S. 173, 67 S. Ct. 216, 91 L. Ed. 157, the record, as here, "included only the indictment, the judgment on plea of guilty, the minute entry bearing on sentence, and the sentence." The judgment showed that on arraignment the defendant expressed a desire to plead guilty. The trial court thereupon explained to him the consequences of such a plea and his right in the premises, including the right to counsel, but the defendant without counsel persisted in his desire to plead guilty, and on his trial before the court was sentenced to imprisonment for 99 years for murder. The Supreme Court held the record showed no violation of his constitutional rights, and observed that inherent in the notion of fairness required by the Fourteenth Amendment is ample opportunity to meet an accusation and under pertinent circumstances the opportunity is ample only when the accused has the assistance of counsel, and the need for such assistance may exist at every stage of the prosecution; but, "this does not, however, mean that the accused may not make his own defense; nor does it prevent him from acknowledging guilt when fully advised of all its implications and capable of understanding them." 67 S. Ct. 218.

Many years before the decision in *Powell* v. *Alabama*, *supra*, this court held that "every person accused of crime has a right to have counsel to aid him in making his defense, but no one is compelled to have counsel. If a person accused of crime is able to employ counsel, but declines to do so, and goes to trial without counsel, and is convicted, that is no ground for reversing the judgment." *Barnes* v. *Commonwealth*, 92 Va. 794, 803, 23 S. E. 784.

Recently in *Watkins* v. *Commonwealth*, 174 Va. 518, 6 S. E. (2d) 670, that holding was restated and approved, and it was said:

"While there is no specific provision in the Constitution of Virginia guaranteeing to persons accused of crime

the right to have the assistance of counsel, in *Barnes* v. *Commonwealth*, 92 Va. 794, 803, 23 S. E. 784, this court recognized the right to be a fundamental one. It is, we think, one of the rights guaranteed to an accused under our Bill of Rights. Virginia Constitution, section 8." 174 Va. 522.

We also, in the *Watkins Case*, approved the statement in 14 American Jurisprudence, Criminal Law, section 167, p. 883, that "The right to a hearing, as a basic element of due process, includes the right to the aid of counsel, and failure to give the accused a reasonable time and opportunity to secure counsel prior to trial constitutes a denial of due process. The right includes a fair opportunity to secure counsel of one's own choice."

We adhere now to those declarations of the rights of the accused, which are principles not of recent discovery but of long standing and recognition in this Commonwealth. However, we are not willing to engraft upon those principles a new and absurd rule that would prevent trial courts from proceeding with a trial when both sides are ready, solely because, perchance, if they had waited longer something favorable to the accused might have turned up or have been turned up. The record before us in this case completely fails to show the presence of any "ingredient of unfairness" in the trial of the accused or any want of due process in his conviction.

The remaining assignments of error are based on supposed defects in the plea of guilty and are clearly without substance. The first two are that there was no plea of guilty, or if there was one, it was fatally lacking in definiteness. The argument is that the effect of the order was to allow the defendant to withdraw his plea of not guilty and enter a plea of guilty, but that it fails to show that the plea of guilty was actually entered.

The record furnishes sufficient answer to this contention. The order states that "the accused moved the court to allow him to withdraw his plea of not guilty, and enter a plea of guilty, which motion the court granted."

The function of the order, and of such orders generally, is to record what happened and what the court did about it, not in the words that were used, ordinarily, but the substance or effect of them, stated in the language of the court. The order states that the motion was granted, which means that the matter proceeded in accordance with the ruling, and is a familiar method of expressing that fact. The order further states that after granting the motion, the jury were discharged and the court heard the evidence and pronounced judgment, the required procedure on a plea of guilty. If further assurance were necessary that the plea of guilty was entered, the memorandum or minute appearing in the record, dated January 31, 1947, and signed by the trial judge, supplies it. Its first paragraph states:

"Accused upon arraignment pleaded not guilty after hearing the evidence of several witnesses the accused was allowed to withdraw his plea of not guilty and to plead guilty."

The defendant also contends that the plea of guilty was not in proper person, but by counsel. It was pointed out in *Gross v. Smyth*, 182 Va. 724, 30 S. E. (2d) 570, that since the 1928 Amendment of the Constitution there is no longer any constitutional requirement in Virginia that the plea of guilty be made in person; but that it is still a statutory requirement (Code, section 4900); that, being only statutory, it may be waived; and from *United States v. Denniston*, 2 Cir., 89 F. (2d) 696, 110 A. L. R. 1296, this is quoted:

" 'If an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances which fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces when the attorney enters a plea of guilty for him, nothing but a slavish adherence to archaism could underlie a holding that the plea was void. * * *.' " 182 Va. 728.

That is beside the point here, however, because the record explicitly states that the motion was by the accused,

and "the record, as made, imports absolute verity, and by it the prisoner is to be judged." *Gilligan* v. *Commonwealth*, 99 Va. 816, 824, 37 S. E. 962.

■ Finally, it is said that even if a proper plea of guilty was entered, it was not done "with the consent of the attorney for the Commonwealth, entered of record," and this was reversible error. The quoted language is from section 4900 of the Code. There are two answers to this contention. The first is that even before the 1928 amendment to the Constitution the quoted phrase did not qualify the right of the accused to plead guilty, but the power of the court, following such plea, to "hear and determine the case without the intervention of a jury." The second answer is that the 1928 amendment to section 8 of the Constitution made it mandatory on the trial court to hear the case without the intervention of a jury after a plea of guilty, and so far as section 4900 of the Code requires the consent of the attorney for the Commonwealth thereto, it is unconstitutional and of no effect. In such case the court is required to hear and determine the case whether the Commonwealth's attorney consents or not. *Dixon* v. *Commonwealth*, 161 Va. 1098, 172 S. E. 277.

We find no error, and the judgment complained of is

*Affirmed.*