## Richmond

### WILLIAM AVERY JONES, II v. COMMONWEALTH OF VIRGINIA.

September 2, 1976.

Record No. 751113.

Present, All the Justices.

*W. H. C. Venable (Cohen, Abeloff & Staples,* on brief), for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

We review the conviction of William Avery Jones, II, of the felonious distribution of hashish, a controlled drug. The defendant was sentenced by the trial court to serve ten years in the penitentiary with four years suspended during good behavior.

Jones was arrested on a warrant which identified him not by name but by description. He argued that he was not the intended recipient of the warrant and questioned the identification. While the description in the warrant of the accused person more nearly fitted the roommate of defendant, it was the defendant who was arrested; who received a preliminary hearing; who was certified to the grand jury; who was indicted by the grand jury; and who was tried and convicted. At trial, Virginia State Trooper B. H. Stinnett testified positively that about 8:58 p. m. on March 30, 1974, he went to Jones' apartment located at 807 North Sheppard Street in Richmond and there purchased from defendant, whom he knew, a quantity of hashish for $125.

A girl friend of the defendant testified that she was with Jones at a local restaurant at the time the sale is alleged to have been made to the officer. The trial judge, however, believed the trooper's positive identification of defendant as the person who sold him the hashish, and rejected the testimony of the alibi witness. The decision of the lower court, the trier of fact, has resolved the conflict in the evidence in favor of the Commonwealth. We cannot say that the court's judgment has no credible evidence to support it. We therefore find no merit in defendant's assignment of error which questions the sufficiency of the evidence to convict him.

Defendant also contends that it was error for the trial court, after imposing a six-year sentence in the penitentiary with three years suspended, thereafter [three days later] to increase this sentence to ten years with four years suspended. He argues that he began serving the six-year sentence immediately after it was imposed, and that the subsequent action of the court subjected him to double jeopardy and violated his right to due process.

The Commonwealth maintains that under Rule 1:1 of the Rules of Court[1] the trial court had 21 days after the entry of its final judgment

---

[1] "All final judgments, orders and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified or vacated for twenty-one days after the date of entry, and no longer. . . ." [Rule 1:1 has been amended effective Sept. 1, 1976.]

convicting defendant to modify its judgment and the sentence imposed, and that this was true irrespective of whether the sentence had been reduced or increased.

The view we take of this case and our decision make it unnecessary that we resolve these issues. However, a detailed review of the proceedings in the lower court following defendant's trial and conviction is indicated. The distribution of the hashish to the trooper occurred on March 30, 1974. Defendant was arrested on April 2, 1974 on a warrant charging this offense. At the time of his arrest, Jones was found in possession of a quantity of marijuana, and, as a result, the arresting officer charged him with the possession of marijuana with the intent to distribute.

Jones was subsequently indicted for both offenses and was tried on the two indictments on February 25, 1975. He was represented on the hashish charge by W. H. C. Venable and entered a plea of not guilty and waived trial by jury. Defendant was represented on the marijuana charge by Michael M. Weise and entered a plea of guilty. The trials were conducted separately. In each instance defendant was found guilty, and the cases were continued for pre-sentence investigations and reports.

The presentence reports were prepared, and both cases were scheduled for hearing on May 16, 1975, on the reports and for sentencing. The court consolidated the two cases for the purpose of hearing evidence on the reports and cross-examining the probation officer who had prepared them. The transcript of the proceedings discloses that, after examining the presentence reports and hearing arguments of the two attorneys for Jones, the trial court formally sentenced defendant on each indictment to six years in the state penitentiary, with three years suspended during good behavior, the two sentences to be served consecutively. Ralph B. Robertson, Assistant Attorney for the Commonwealth, was present but made no recommendation as to punishment. Immediately following the sentencing, Venable moved the court "to reconsider the consecutive sentences and make these run concurrently". After a brief exchange between Venable and the court, the following occurred between the court and Weise:

"MR. WEISE: Your Honor, the sentence of Court surprises me at this particular time, it's certainly not what I foresaw and not what I negotiated.

"THE COURT: Well, wait a minute now, did you negotiate any plea with Mr. Robertson?

"MR. ROBERTSON: Your Honor, if it please the Court, the problem that we're getting into is the thing that I took up with you last—mentioned to you earlier about the fact that if there would be any sentence imposed that I would request that it be imposed upon the sale of hashish rather than the possession of marijuana, and the—

"THE COURT: Well, did you negotiate—I mean, did you discuss this with either of these counsel?

"MR. ROBERTSON: Not Mr. Venable at all, no, sir, I discussed this with Mr. Weise, but it was under the assumption that if the Court imposed sentence, it would impose it on the possession of hashish, and it's my understanding from what the Court had said, was that the reason that sentence was split by the Court as it was split was because there was a plea of guilty to the—

"THE COURT: Well—

"MR. ROBERTSON: I believe it's possession of marijuana with intent to distribute, and not with the other one.

"THE COURT: Well, it's split because the Court considers these almost equally .... offenses ....

"MR. WEISE: Your Honor, certainly my negotiations were made at the time to, if at all possible, my objectives in these negotiations would be to save Mr. Jones from having the chance of having ....

"THE COURT: Well, what I'm saying is you never told the Court about any negotiations, Mr. Robertson made no recommendations—"

The exchange between Robertson, Weise and the court continued for some time, until Robertson asked for a recess. The recess was granted with the understanding that the sentencing was being held in abeyance by the court. Thereafter, when the parties returned to court the trial judge inquired specifically of Robertson whether he had made any recommendations to Weise with regard to the marijuana case. Robertson's answer was as follows:

"Following the conviction by the Court of Mr. Jones concerning the distribution of hashish, Mr. Weise came to me and we discussed the guilty pleas and so forth. *At that time I advised him* that if—when this presentence report came back *it would be my position to recommend incarceration of the defendant, but it would be on the sale of the hashish rather than on the possession of the marijuana with intent to distribute*, and that I would—in fact, if

—the incarceration would be on the hashish to be suspended imposition of sentence on the marijuana, the distribution of—possession with intent to distribute of the marijuana. At that time I did not realize the significance of the two, I did not realize it in fact until this morning after the sentencing occurred and this whole question came up. I had mentioned to the Court that I was going to recommend incarceration; *that I would recommend suspended sentence on the other.* The Court indicated to me that they thought the two crimes were of the equal degree of severity, and on the basis of that I just went ahead and stood mute because I didn't— I had indication that the Court would incarcerate the defendant, so I didn't make any recommendation, I felt that it was in [sic] exercise of futility to make a recommendation." [Emphasis added.]

Thereafter the court asked Robertson if he was then willing to make the recommendation he had discussed with Mr. Weise, and Robertson replied:

"That is correct, I mean, the only reason that I didn't was because I had discussed it with the Court and I didn't, you know, I didn't see any reason to make it, so I would be willing at this time to make it, that—in fact, my recommendation under the circumstances, considering the term of the incarceration, I would not make any recommendation at this time, however, I would request that the Court place any sentence that is imposed upon the defendant on the distribution of the hashish rather than on the possession of marijuana with intent to distribute."

The court inquired of Weise if the plea of guilty entered by the defendant on the marijuana charge was based on Robertson's agreement to recommend that any sentence that would be imposed would "all" be placed on the hashish charge, and Weise answered in the affirmative. It is unnecessary to recite the numerous statements which were made regarding the plea bargaining agreement and what prompted counsel to make it. The trial judge finally advised the parties that he was not willing to accept the recommendation made by Robertson. Weise then requested permission to withdraw Jones' plea of guilty, which motion was denied. The court announced that the penalty in each case would remain as imposed—six years on each indictment, with three years suspended.

Venable then renewed his motion that the sentences run concurrently. He stated to the court that he had prepared his case on sen-

tencing with the clear understanding, gathered from conversations with Robertson and Weise, that there would be a recommendation by the Commonwealth's Attorney that no time would be imposed on the marijuana charge. He also said:

"I know, and can represent to the Court that Mr. Jones would not have—have pled guilty to the possession of marijuana and thrown away some very excellent appeal points, not the least of which was the jurisdictional issue, if he had not felt confident that he would have a vigorous representation from the Commonwealth's Attorney's Office in reference to the plea negotiation."

An order was entered by the court on May 16, 1975, in the two cases sentencing Jones in each case to six years in the penitentiary, with three years suspended.

On the following Monday, May 19, 1975, it appears that the parties were reconvened and the court inquired:

"Gentlemen, at the time of sentencing on May the 16th, both counsel and I assume the defendant agreed, expressed a desire that whatever sentence was imposed would be imposed on the distribution of hash charge and none on the possession of marijuana with intent to distribute charge. Is it still the desire of counsel and the defendant to have whatever sentence is imposed done in that manner?"

Venable advised the court that he took no part in the plea bargaining between Weise and Robertson and therefore took no position on the disposition of the marijuana case since he was not involved in that case. He said:

"Speaking for the defendant on reference to the hash charge in which I represent him, Your Honor, it is his position that there be no sentence imposed pursuant to his plea bargain as I understand it, on the marijuana charge. On the hash charge if the Court seeks to impose the sentence that's perfectly within the Court's purview. He stands again requesting that no time be—given him."

The court proceeded to set aside the sentences which it had pronounced, and the order which it had entered on Friday, May 16, 1975. It then pronounced new judgments. It sentenced Jones on the hashish charge to ten years in the state penitentiary with four years suspended upon the condition that the defendant keep the peace and

be of good behavior for 15 years. On the marijuana charge it was the judgment of the court "that imposition of sentence be suspended, which means that no sentence will be imposed on that charge at the present time, but if you should get in further difficulty with the law after you've served the sentence on the other charge that you could be brought back here and the suspended sentence could be revoked and you could receive up to—anything up to the maximum you might have received on that charge at this time".

On the 29th of May, 1975, the defendant, by counsel, filed a written motion that the court reconsider its order increasing his sentence in the hashish case, and moved the court to reimpose the sentence as originally imposed. Following a hearing on June 5, 1975, the court denied defendant's motion, setting forth in its final order that:

> "The sentence of May 19, 1975, having been imposed in its present form as a result of what the Court then believed, and still believes, was urged upon it both by counsel in this case, and Michael Weise, counsel in a related case (File No. F-3295), it is the judgment of the Court that the motion be, and it hereby is, denied."

In the instant case, the first conclusion we reach is that the trial judge had no knowledge of any plea bargaining agreement between Robertson and Weise in the marijuana case until after he had made his considered judgment that the offenses charged in the two indictments were of equal gravity and deserved equal punishment.

It is equally clear that after Jones had been tried and convicted on the hashish indictment, and prior to his trial on the marijuana indictment, Weise and Robertson discussed the entry of a guilty plea. Robertson's unequivocal statement is that, at that time, he advised Weise that after the presentence report, "it would be my position to recommend incarceration of the defendant, but it would be on the sale of the hashish rather than on the possession of the marijuana with intent to distribute".

The only import that can be gathered from this statement to Weise is that the Assistant Commonwealth's Attorney intended to recommend some "incarceration of the defendant" but that it would be in the hashish case, and that in the marijuana case, which was the one being negotiated, he would recommend a suspended sentence.

While Venable stated that his understanding of the plea bargaining agreement was the same as that given by Robertson, we need not consider the extensive exchange that occurred between the trial court and Venable.

The overwhelming evidence shows that Weise and Robertson had an agreement that a recommendation by the Assistant Commonwealth's Attorney would be made to the court, and that this recommendation was not made to the court prior to the court's determination of what it considered proper punishment.

If the entry by Jones of a plea of guilty to the marijuana charge was induced by a prior plea bargaining agreeemnt between his attorney and the Commonwealth's Attorney, the court should have been so advised at the time the plea was entered. Then, if the court had been unwilling to accept the guilty plea under these conditions and to abide by the agreement, the defendant should have been allowed to withdraw the plea. In any event, if prior to the entry of the plea of guilty by Jones an agreement was reached between his counsel and Robertson that the latter would recommend to the court, at the conclusion of the case and before sentencing, that there be no incarceration of defendant, then Jones was entitled to have had that recommendation timely made as agreed.

The explanation that Robertson gave for remaining mute at the sentencing, and for failing to make the agreed upon recommendation, is not a satisfactory one. The fact that the trial judge may have intimated that he felt the two cases were of equal gravity, deserving the same punishment, and that Robertson felt a recommendation by him would have been futile, was no excuse for his failure to carry out his agreement.

This appeal is here because of the failure on the part of Robertson and Weise to make a full disclosure of their plea bargaining agreement to the court. By reason of such failure the defendant has been prejudiced.

Venable did not participate in the plea bargaining negotiations that were carried on by Robertson and Weise, although he had knowledge of the agreement they reached. Jones pled not guilty to the hashish charge. After his conviction Venable endeavored to have the court suspend sentence, and finally, when the two six-year sentences were imposed, with three years suspended in each, Venable sought to have the sentences run concurrently instead of consecutively, as ordered by the court. We do not find that Venable ever indicated that he or his client was agreeable to having any sentence imposed in the hashish case increased by such sentence as the trial court considered proper in the marijuana case. And yet, the trial court's ruling has the effect of doing exactly this.

Jones has ended up with a penitentiary sentence of ten years for

distributing hashish, with four years suspended. In addition, the imposition of sentence on the marijuana charge, although now suspended, could ultimately be imposed on defendant after he is released from the penitentiary and "if [he] should get in further difficulty with the law". This is not the punishment which defendant was led to believe he would receive when Weise and Robertson "bargained' for his guilty plea in the marijuana case.

To affirm the lower court would mean that Jones would gain nothing from his guilty plea. It would in effect require Jones to serve six years in the penitentiary (less such time as the law permits), of which only three years would be served for the crime of distributing hashish. The remaining three years would be served by defendant for the crime of possessing marijuana with intent to distribute, a case unrelated to the instant case and not before us on appeal.

In *Santobello* v. *New York*, 404 U.S. 257, 261-62 (1971), Mr. Chief Justice Burger said:

> "The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known. There is, of course, no absolute right to have a guilty plea accepted. [Citations omitted.] A court may reject a plea in exercise of sound judicial discretion.
>
> "This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

The essence of the promise made Jones under the plea bargaining agreement was not made known to the trial judge who, as a result, arrived at his judgment without any knowledge of the circumstances surrounding the guilty plea. We cannot say from the record before us that Jones' plea of guilty did not rest in some significant degree on the agreement reached by Robertson and Weise.

In *Johnson* v. *Commonwealth*, 214 Va. 515, 518, 201 S.E.2d 594, 596 (1974), there was a noncompliance with a plea bargaining agreement by a prosecutor. We held:

> "It is of the utmost importance that the integrity of the plea bargaining process be assured because any failure in this regard

would result in making this most desirable process less useful and productive than in the past.

"Here a plea bargain agreement was made and defendant, who had complied with the agreement, was entitled to have the agreement strictly complied with by the prosecutor until the sentencing process was completed. Any deviation from the agreement by the prosecutor, whether inadvertent or not, should not have been countenanced. Here the defendant promptly elected to withdraw his guilty plea entered pursuant to the agreement and he should have been permitted to do so. [Footnote omitted.]"

In the instant case we are faced with somewhat the same situation that existed in *Jordan* v. *Commonwealth,* 217 Va. 57, 225 S.E.2d 661 (1976), where we were also powerless to restore the parties to the position they occupied before a plea bargaining agreement was violated. The judgment entered by the court on the indictment involving the marijuana has become final and that case is not before us. However, defendant fully performed his part of the agreement by his plea of guilty on the marijuana charge. The failure to perform there was the failure on the part of the prosecution. While we are without authority to remand the marijuana case and give defendant an opportunity to withdraw his plea of guilty, the ends of justice require specific performance by the Commonwealth, to the extent possible, of its plea bargaining agreement with the defendant insofar as such agreement involves the case under review. We therefore conclude that Jones should be relieved of serving so much of the ten-year sentence as was added to the sentence originally imposed for distribution of hashish. His sentence for this offense should be that which the trial court concluded was proper to be imposed on him prior to the time any controversy developed over the plea bargaining agreement.

Accordingly, the judgment of the lower court is reversed, and the case is remanded with direction that the court below reimpose on defendant its sentence of six years in the penitentiary, with three years suspended during good behavior.

*Reversed and remanded.*