## Richmond

WILLIAM HOWARD GARDNER, JR.

V.

WARDEN OF THE VIRGINIA STATE PENITENTIARY

September 11, 1981.

Record No. 801713.

Present: All the Justices.

*Irvin V. Cantor (Rilee, Cantor & Arkema,* on brief), for appellant.

*Linwood T. Wells, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

We must decide whether a guilty plea, induced by a plea bargain, was constitutionally intelligent and voluntary when the bargain was not disclosed to the trial judge before the plea was accepted.

This is an appeal from an order entered in the court below August 12, 1980 denying a petition for a writ of habeas corpus. We review the evidence adduced at a plenary hearing ordered by this Court on a petition invoking our original jurisdiction.

William Howard Gardner, Jr., was tried in September 1973 for the murder of his wife. The Commonwealth's Attorney agreed with Gardner's counsel to recommend a sentence of 30 years' imprisonment, with five years suspended, if Gardner would plead guilty. After consulting his attorney, Gardner tendered a guilty plea. No mention was made of the plea bargain. In the course of the *voir dire,* the trial judge enquired if the plea was made "without any threats, pressure or promises," and Gardner replied, "Yes, sir." At the plenary hearing, Gardner testified that his attorney had "advised me . . . that if the Judge asked me, have any deals been made, to answer no." He explained that it was his "under-

standing" that his lawyer "had made the deal with the prosecuting attorney, leading me to believe that it also was made with the Judge." Gardner's trial attorney conceded that he "may have" given his client such advice, but he testified that he had told him that the judge was not bound by the sentencing recommendation. Gardner insisted that he never was so informed, that he considered the Commonwealth's offer a "promise," and that he "pleaded guilty because of the promise."

The trial judge accepted the plea as "voluntarily and intelligently entered," proceeded to hear testimony, and continued the case for preparation of a pre-sentence report. Approximately a month later, Gardner was brought to the bar for sentencing. The attorney for the Commonwealth announced that "a recommendation of 30 years, with five years suspended, was agreed upon." The trial judge declared that he would "have to reject the recommendation . . . because this recommendation has never been discussed with the Court prior to this." Finding that "[t]his was a cold-blooded killing without any extenuating circumstances," he imposed a sentence of 60 years' imprisonment, with 10 years suspended.

Appealing the order of the habeas judge denying the writ, the defendant contends that his guilty plea "was involuntarily and unintelligently entered into" because the plea bargain was not disclosed to the trial judge before he accepted the plea.

Rule 3A:11, effective October 1, 1977, provides in paragraph (d)(2) that "[t]he court shall require the disclosure of the [plea] agreement in open court . . . at the time the plea is offered."* As the habeas court noted, this rule was not in effect in 1973 when Gardner was tried. However, the principles underlying the disclosure requirement had already been announced by the Supreme Court beginning with a case decided in 1969. Reviewing the record of a conviction in a state court which reflected no inquiry into the circumstances leading to a guilty plea, the Court reversed the judgment on the ground that "[i]t was error . . . for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." *Boykin* v. *Alabama,* 395 U.S. 238, 242 (1969). The Court reasoned that the

---

* Pursuant to that requirement, Form 8 suggests certain questions to be put to an accused.

Rule 3A:11 is substantially equivalent to Fed. R. Crim. P. 11. *See Holler* v. *Commonwealth,* 220 Va. 961, 968, 265 S.E.2d 715, 719 (1980).

entry of a guilty plea is a waiver of certain constitutional rights guaranteed defendants in state criminal trials: the Fifth Amendment right against compulsory self-incrimination, *Malloy* v. *Hogan,* 378 U.S. 1 (1964); the Sixth Amendment right to trial by jury, *Duncan* v. *Louisiana,* 391 U.S. 145 (1968); and the Sixth Amendment right of confrontation, *Pointer* v. *Texas,* 380 U.S. 400 (1965). *Id.* at 243.

In a 1970 case, the Supreme Court cited *Boykin* and explicated the waiver rationale:

> "That a guilty plea is a grave and solemn act to be accepted only with care and discernment has long been recognized . . . . Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."

*Brady* v. *United States,* 397 U.S. 742, 748 (1970).

The following year, the Court vacated a judgment and remanded a case in which the prosecution had broken its plea-bargain promise. *Santobello* v. *New York,* 404 U.S. 257 (1971). The Court observed that, while a defendant has no absolute right to have a guilty plea accepted, "[t]he plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known." *Id.* at 261-62.

In light of the opinions in these cases, it was clear, well before Gardner was tried, that a guilty plea is a waiver of constitutional rights; that such a waiver is constitutionally sufficient only when it is voluntary and intelligent; that the waiver is to be accepted only after the trial judge has made a determination that it is so; and that, in order to make that determination, the trial judge must be advised of any promises made to induce the waiver.

As we have said, these principles were memorialized in Rule 3A:11. But we approved them in a case decided before that rule went into effect.

> "If the entry by Jones of a plea of guilty . . . was induced by a prior plea bargaining agreement . . . the court should have been so advised at the time the plea was entered. Then, if the court had been unwilling to accept the guilty plea

under these conditions and to abide by the agreement, the defendant should have been allowed to withdraw the plea."

*W. A. Jones* v. *Commonwealth,* 217 Va. 248, 255, 227 S.E.2d 701, 706 (1976).

The same may be said here. If the Commonwealth had disclosed the offer it made to induce Gardner to plead guilty at the time the plea was entered, the trial judge could have interrogated counsel and the defendant to determine whether, as Gardner contends, he entered the plea under the impression the judge was a party to and was bound by the bargain. If he found that Gardner had acted under such a misimpression, then the defendant's waiver of his constitutional rights was not intelligent and voluntary. In such case, the judge could have rejected the guilty plea and, upon the defendant's request, empanelled a jury and tried him on a plea of not guilty. In the alternative, the judge could have corrected the misimpression, advised the defendant that he was unwilling to follow the Commonwealth's recommendation, and afforded the defendant an opportunity to decide whether to stand on his guilty plea or withdraw it.

We are of opinion that, under the circumstances of this case, acceptance of Gardner's guilty plea violated his constitutional rights, and we hold that the court below erred in refusing to grant a writ of habeas corpus. The judgment will be reversed, and the defendant's guilty plea and the order of conviction and sentence will be vacated. The writ of habeas corpus will issue here, and the defendant will be discharged from custody unless, within 60 days from the date the writ issues, the Commonwealth elects to retry the defendant on the original indictment, in which event, the defendant will be permitted to plead anew.

*Writ Issued.*