## Alexandria

SCOTT THOMAS GRAHAM

v.

COMMONWEALTH OF VIRGINIA

No. 0286-89-4

Decided October 2, 1990

COUNSEL

Patricia A. Smith (Dale Edwin Sanders; Sanders, O'Donnell & Smith, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

*Amicus Curiae*: Virginia College of Criminal Defense Attorneys (Marvin D. Miller, on brief), for appellant.

OPINION

DUFF, J.—The issue presented in this case is the extent of a criminal defendant's right to plead guilty to an indictment. We hold that under the Virginia Constitution, the statutes and the Rules of the Supreme Court of Virginia, a trial court may reject a guilty plea to the whole of an indictment tendered without a plea agreement only when it determines that the plea is constitutionally invalid. Further, we hold that this determination extends only to ensuring that a guilty plea is made voluntarily, intelligently and knowingly. In the instant case we find that the trial court exceeded its authority in rejecting the appellant's guilty plea. Accordingly, we reverse.

## I.

On July 18, 1988, Scott Thomas Graham was indicted for distribution of cocaine, a schedule II controlled substance, in violation of Code § 18.2-248(A). At his arraignment, Graham entered a plea of not guilty and expressed a desire to waive trial by jury; however, the Commonwealth did not concur with the waiver.

As trial commenced, the Commonwealth informed the court that the contraband at issue was not in the courtroom.[1] The Commonwealth was granted a brief recess, which the court followed immediately by a lunch break, both over the objections of defense counsel. That afternoon, having located the contraband, the Commonwealth presented its case, establishing the chain of custody of the contraband, and introduced it into evidence.

After the Commonwealth rested, Graham informed the court that he desired to withdraw his plea of not guilty and tender a plea of guilty to the indictment. The court, after hearing arguments on the matter, ruled that Graham was not entitled to such a plea at that time because, "in making an offer to plead guilty at the close of the Commonwealth's case, his offer comes too late." The defense offered no evidence and the case was sent to the jury, which convicted Graham and sentenced him to seven years in the penitentiary and a $25,000 fine. The court suspended five years of the prison sentence and $24,000 of the fine.

## II.

■ The United States Constitution does not confer upon a criminal defendant an absolute right to have his guilty plea accepted by the court. The states, however, may confer this right upon a defendant by statute or otherwise. *North Carolina v. Alford*, 400 U.S. 25, 38 n.11 (1970). Thus, if Graham had a right to have his guilty plea accepted by the court, this right must arise under the constitution and laws of the Commonwealth.

■ Article I, section 8 of the Virginia Constitution provides, in pertinent part:

---

[1] It is alleged that this fact was known to Graham at the time he entered his plea and was the basis for his decision to plead not guilty.

In criminal cases, *the accused may plead guilty*. If the accused plead not guilty, he may, with his consent and the concurrence of the Commonwealth's Attorney and of the court entered of record, be tried by a smaller number of jurors, or waive a jury. In case of such waiver or plea of guilty, the court shall try the case.

Va. Const. art. I, § 8 (emphasis added). "If words and phrases used in a constitution are of doubtful import, their contemporaneous and practical construction are significant and may be resorted to for aid in determining their meaning." *Dean v. Paolicelli*, 194 Va. 219, 227, 72 S.E.2d 506, 511 (1952) (citations omitted). Where, as here, the words and phrases used are clear and lend themselves to no other interpretation, a reviewing court is not required to look beyond the document itself. Article I, section 8 states in clear and unambiguous terms that a criminal defendant may plead guilty. No limitation on this right is contained in the constitution. For further guidance, then, we must look to the statutory law and the Rules of Court of the Commonwealth.

## III.

Code § 19.2-254 provides, in pertinent part, as follows:

[A]n accused may plead not guilty, guilty or nolo contendere. The court may refuse to accept a plea of guilty to any lesser offense included in the charge upon which the accused is arraigned; but, in misdemeanor and felony cases the court shall not refuse to accept a plea of nolo contendere.

The only discretion given to a court by the statute is the right to refuse a plea of guilty to any lesser offense included in the charge upon which the accused is arraigned. Here the defendant wished to plead guilty to the whole of the indictment, not to a lesser included offense. Only a strained interpretation of Code § 19.2-254 would allow a court to reject a criminal defendant's guilty plea to the whole of the indictment.

## IV.

The Supreme Court obtains its rule-making authority from the Virginia Constitution, which provides as follows:

> The Supreme Court shall have the authority to make rules governing the course of appeals and the practice and procedures to be used in the courts of the Commonwealth, *but such rules shall not be in conflict with the general law as the same shall, from time to time, be established by the General Assembly.*

Va. Const. art. VI, § 5 (emphasis added); *see also* Code § 8.01-3 (subsequent enactment of general law by the General Assembly may modify or annul rules adopted by the Supreme Court). Thus, any rules enacted by the Supreme Court must be in compliance both with the constitution and the statutes of the Commonwealth.

Rule 3A:11, adopted effective January 1, 1972, provided in pertinent part as follows:

> An accused may plead not guilty, guilty, or in a misdemeanor case, nolo contendere. *The court may refuse to accept a plea of guilty.* A plea of nolo contendere may be made only with the court's consent. (emphasis added)

However, in 1984, Rule 3A:11 was amended and recodified as Rule 3A:8. Rule 3A:8 no longer contains a limitation on guilty pleas. The current rule provides only that a circuit court "shall not accept a plea of guilty or *nolo contendere* without first determining that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea." Rule 3A:8(b). Thus, since neither the Code of Virginia nor Rules of Court contain limitations on the right of a defendant to enter a plea of guilty to the charge, the requirements of the United States Constitution are the only limitations on the right to plead guilty to the whole of an indictment.

We do not believe that the Virginia Supreme Court's decision in *Jones v. Commonwealth*, 217 Va. 248, 227 S.E.2d 701 (1976), requires a different result. *Jones* was a case that involved the consequences of the non-disclosure of plea negotiations at the time a guilty plea was accepted. The defendant received a harsher sentence than that for which he bargained, and the Supreme Court remanded the case to the trial court for re-sentencing in accordance with the bargain. The *Jones* decision does quote, with ap-

proval, language in the *Santobello* case.[2] *Santobello* involved the role of a court when the defendant desired to plead according to a plea agreement, not to the whole of an indictment. Nothing in this opinion should be construed to apply to the role of a court when asked to accept a negotiated plea agreement.

As noted, article I, section 8, of the Virginia Constitution provides a criminal defendant with the right to plead guilty. Rule 3A:8(b) requires only that the record establish that the plea is made voluntarily, knowingly and intelligently. Thus, Rule 3A:8 is consistent with the Virginia Constitution and places no limitation on a defendant's right to plead guilty, other than the constitutional requirement that it be made voluntarily, knowingly and intelligently.

We do not hold that a trial court may never reject a criminal defendant's plea of guilty. By granting a defendant the right to plead guilty, a court must take cognizance of the fact that the defendant thereby waives several fundamental Constitutional rights, e.g., trial by jury, confrontation of witnesses, and the prohibition against self-incrimination. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969). As with any waiver of Constitutional rights, the record requires an affirmative showing that the waiver embodied in the plea of guilty is intelligently, voluntarily and knowingly made. *Santobello*, 404 U.S. at 261; *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Brady v. United States*, 397 U.S. 742, 748 (1970). In the absence of such a showing, the trial court may, and is in fact required, to reject the plea.

Our Supreme Court, in *Gardner v. Warden*, 222 Va. 491, 281 S.E.2d 876 (1981), recognized this salutary principle, stating,

A guilty plea is a waiver of constitutional rights;. . . . such a waiver is constitutionally sufficient only when it is voluntary and intelligent; the waiver is to be accepted only after the trial judge has made a determination that it is [voluntary and intelligent].

---

[2] "There is, of course, no absolute right to have a guilty plea accepted. A court may reject a plea in exercise of sound judicial discretion." *Santobello v. New York*, 404 U.S. 257, 261 (1971). This language merely exemplified the express provision of Rule 11 of the Federal Rules of Criminal Procedure that the court may refuse to accept a plea of guilty. Our rules contain no such provision.

*Id.* at 494, 281 S.E.2d at 878. In *Gardner*, the defendant alleged that his plea of guilty was induced by the impression that the trial judge was a party to and bound by the plea bargain agreement. The Court stated that if Gardner had in fact acted under such a misimpression, thus rendering his plea involuntary and unintelligent, "the judge could have rejected the guilty plea." *Id.* at 495, 281 S.E.2d at 878.

## V.

The Commonwealth next argues that since the trial court modified the jury sentence, the defendant suffered no prejudice. Thus, any error made by the trial court was harmless. We disagree.

■ Article I, section 8 of the Virginia Constitution provides that "in case of [a] . . . plea of guilty, the court shall try the case." Code § 19.2-257 also provides:

Upon a plea of guilty in a felony case, tendered in person by the accused after being advised by counsel, the court shall hear and determine the case without the intervention of the jury . . . .

These provisions are mandatory. *See Schmidt v. City of Richmond*, 206 Va. 211, 218, 142 S.E.2d 573, 577 (1965). A jury may not hear a guilty plea or affix punishment on such a plea. Rather, where a guilty plea to the whole of an indictment has been tendered, it is reversible error for a trial court to submit the degree of guilt or the question of punishment to the jury. *See Dixon v. Commonwealth*, 161 Va. 1098, 1102, 172 S.E. 277, 278 (1934).

The constitution and Code § 19.2-257 both specifically require that, upon a plea of guilty, the court *shall* try the case and punishment shall be assessed without the intervention of the jury. Thus, in the case at bar, the court erred in requiring the case to be submitted to the jury for the determination of guilt and the affixing of punishment.

## VI.

Finally, the Commonwealth, while conceding that a criminal defendant has an absolute right under our laws to plead guilty prior to trial, maintains that this absolute right no longer adheres

once trial begins. In support of this argument the Commonwealth points to several cases dealing with motions not seasonably made. We agree that, as a general proposition, a trial court is given discretion in deciding whether to grant an untimely motion, taking into consideration whether the motion was designed to impede the efficient administration of criminal justice. We find no such discretion, however, when dealing with a defendant's right to plead guilty.[3]

The fact that the trial has begun has no effect on a defendant's constitutional right to plead guilty. In *Cottrell v. Commonwealth*, 187 Va. 351, 46 S.E.2d 413 (1948), the Supreme Court noted that such mid-trial pleas are not uncommon, stating:

It has frequently happened when evidence produced has established guilt so clearly that it would be hopeless to try to combat it . . . . Evidently [the evidence] was adequate to establish guilt and to persuade the defendant and his attorney that the wiser course was to admit his guilt and hope for a lighter punishment from the court than from the jury.

*Id.* at 357, 46 S.E.2d at 416. The fact that a plea is tendered mid-trial is irrelevant to the analysis regarding a defendant's right to enter a plea of guilty. We can find no limitations either under the Virginia Constitution, statute or Rules of Court which provide a time by which a defendant must enter his plea of guilty. If such limitations are to be created it is the province of the General Assembly to do so, not the courts.

A guilty plea "is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." *Kercheval v. United States*, 274 U.S. 220, 223 (1927); *see United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Miracle v. Peyton*, 211 Va. 123, 127, 176 S.E.2d 339, 341 (1970) (a plea of guilty voluntarily and intelligently made by an accused is a

---

[3] We note in any case that the right to plead guilty mid-trial is consistent with the efficient administration of criminal justice and with judicial economies. Rule 3A:9(b)(5) states that "[i]f a motion is determined adversely to the accused, his plea shall stand or he may plead over . . . ." This rule recognizes that there may be times during the course of a trial, such as when a motion is determined adversely, that a defendant has nothing to gain by continuing the trial.

conviction). Accordingly, a guilty plea may be tendered at any point prior to a verdict being returned by the jury.

For the foregoing reasons, the conviction appealed from is

*Reversed and remanded.*

Koontz, C.J., and Keenan, J., concurred.