## CIRCUIT COURT OF FAIRFAX COUNTY

In re Gerald Byrd

August 14, 1995

Case No. (Law) 143621

By Judge M. Langhorne Keith

In his petition for a writ of prohibition and for a writ of mandamus, petitioner, Gerald Byrd, asserts that he has an absolute right to enter a "fast plea" of guilty thereby preventing the Juvenile and Domestic Relations District Court from transferring him for trial in the Circuit Court pursuant to Va. Code Ann. § 16.1-269.1. For the reasons stated below, the Court is of the opinion that no such right exists, and therefore, the petitions are denied.

### I. *Procedural Background*

On June 10, 1995, two petitions were filed in the Juvenile and Domestic Relations District Court of Fairfax County (hereinafter "J&DR Court") charging petitioner with robbery and grand larceny. The Commonwealth, on June 26, 1995, filed a Notice of Commonwealth's Intention to Certify. On July 28, 1995, prior to the commencement of a transfer hearing before the Honorable Charles J. Maxfield, petitioner sought to enter a plea of guilty to the robbery charge. Judge Maxfield denied the motion to plead guilty. The transfer hearing was continued until August 17, 1995, at 1:30 p.m., and on August 1, 1995, petitioner filed his Petition for a Writ of Prohibition and for a Writ of Mandamus. The petitions sought (1) a writ of prohibition prohibiting the J&DR Court from proceeding with the transfer hearings; (2) a writ of mandamus mandating that the J&DR Court hear petitioner's plea of guilty, and (3) a writ of mandamus mandating the acceptance of the plea if the J&DR Court finds petitioner's plea of guilty to be knowing, intelligent, and voluntary. A hearing on the petitions was held on August 10, 1995, wherein the Assistant Attorney General waived service of process on Judge Maxfield, and the Court heard argument of counsel.

## II. *Analysis*

Petitioner, both at oral argument and in his memorandum, argues that he has an absolute, constitutional right to plead guilty, citing Article I, section 8, of the Virginia Constitution and *Graham v. Commonwealth*, 11 Va. App. 133 (1990). Because of that absolute right, he further asserts that the writ of prohibition and writs of mandamus are the proper remedies to vindicate that right. But even if the petitioner's right to plead guilty is as absolute as he believes, a writ of prohibition would not lie. A writ of prohibition is an extraordinary remedy designed only to redress encroachments on jurisdiction and may not be used for the correction of errors. *Elliot v. Greater Atlantic Management Co.*, 236 Va. 384 (1988). There can be no question that the J&DR Court has jurisdiction of the transfer proceeding under Va. Code Ann. § 16.1-269.1, thus under *Elliot*, there is nothing to prohibit.[1] The only question then is whether petitioner's right to plead guilty as the time and place of his choosing is as absolute as he so vigorously maintains. If so, then perhaps a writ of mandamus would be necessary in the context of this case. The right is not that absolute.

A transfer or certification proceeding is not an adjudicatory or dispositional proceeding, and jeopardy does not attach. *Brown v. Cox*, 481 F.2d 622 (4th Cir. 1973); Note, *Review of Improper Transfer Hearings*, 60 Va. L. Rev. 818 (1974) ("a transfer does not involve a determination of the youth's guilt or innocence"). And the transfer statute specifically states that a hearing on the Commonwealth's motion shall be held "prior to a hearing on the merits." Va. Code Ann. § 16.1-269.1(A). Because the transfer hearing held on July 28 was a transfer hearing, not a hearing on the merits, the learned judge below correctly declined to take petitioner's guilty plea.

## III. *Conclusion*

For the foregoing reasons, the Court concludes that while the petitioner has an absolute right to plead guilty, he is not the master of his fate when it comes to the timing of such a plea. The legislature has determined that a transfer hearing shall be conducted prior to any hearing on the merits

---

[1] *State ex rel. Smith v. Scott*, 160 W. Va. 730, 238 S.E.2d 223 (1977), cited by petitioner, is not to the contrary. There, the writ issued to the *circuit court* because that court was without jurisdiction to try the juvenile (because the juvenile judge did not conduct a meaningful transfer hearing).

presumably to avoid the kind of jurisdictional short cut attempted here. The petitions are denied.