COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Bumgardner and Kelsey
Argued at Alexandria, Virginia


YAW AMOAKO FRIMPONG

MEMORANDUM OPINION[*] BY
v.        Record No. 1904-03-4              JUDGE D. ARTHUR KELSEY
                                                     NOVEMBER 9, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Rossie D. Alston, Jr., Judge

Joseph W. Kaestner (J. Paul Walla; Kaestner & Associates, P.C., on
brief), for appellant.

Richard B. Smith, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


        A jury found Yaw Amoako Frimpong guilty of first-degree murder.  On appeal, Frimpong

claims his short-form indictment — patterned after the language of Code § 19.2-221 — charged

him with second-degree, but not first-degree, murder.  Because the trial court erroneously treated

the indictment as a first-degree murder charge, Frimpong argues, the court violated his due process

rights and prejudiced his right to plead guilty to second-degree murder.

        Frimpong concedes that our recent decision in Walshaw v. Commonwealth, 44 Va. App.

___, 2004 Va. App. LEXIS 483, at *13 (2004), holds that the statutory short-form indictment

"clearly charged first-degree murder."  Walshaw also held that this indictment, used for over a

century in Virginia, does not violate due process principles.  Id. at *10-18.  It follows that

Walshaw undermines Frimpong's guilty-plea argument, as no defendant has a right to plead

guilty to a lesser-included offense.  See generally Code § 19.2-254 (providing that a trial court

—————————————————

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"may refuse to accept a plea of guilty to any lesser offense included in the charge"); <u>Graham v. Commonwealth</u>, 11 Va. App. 133, 137, 397 S.E.2d 270, 272 (1990).

Frimpong claims <u>Walshaw</u> was wrongly decided.  Under our interpanel accord doctrine, however, we have no authority to overrule a decision of another panel of this Court.  "The decision of one panel 'becomes a predicate for application of the doctrine of *stare decisis*' and cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court."  <u>Clinchfield Coal Co. v. Reed</u>, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003) (citation omitted).  "This principle applies not merely to the literal holding of the case, but also to its *ratio decidendi* — the essential rationale in the case that determines the judgment."  <u>Id.</u> at 73-74, 577 S.E.2d at 540; <u>see</u> <u>also</u> <u>Congdon v. Congdon</u>, 40 Va. App. 255, 265, 578 S.E.2d 833, 838 (2003).

Because <u>Walshaw</u> governs this case, we reject Frimpong's challenge to the statutory short-form indictment and affirm his conviction for first-degree murder.

<u>Affirmed.</u>