## Norfolk

AUGUSTUS EUGENE PITTMAN

v.

COMMONWEALTH OF VIRGINIA

No. 0842-89-1

Decided August 21, 1990

---

COUNSEL

Douglas Fredericks, for appellant.

Katherine B. Toone, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**MOON, J.**—We reverse the convictions of Augustus Eugene Pittman for murder and the use of a firearm in the commission of a felony because he was not tried within five months as required by Code § 19.2-243.

Pittman was arrested and incarcerated on August 23, 1988. After a preliminary hearing finding probable cause on September 28, 1988, he was indicted by a circuit court grand jury on October 5, 1988. Trial was set for January 13, 1989. That day the Commonwealth requested a continuance, granted by order of February 27, 1989, *nunc pro tunc* to January 13, 1989. The order was endorsed by defense counsel under the word, "Seen." Prior to January 13, 1989, the Commonwealth's attorney had discussed the continuance with defense counsel and defense counsel had advised that he had the date of February 27, 1989, available. However, there is no evidence that defense counsel agreed to the continuance.

On February 27, 1989, the Commonwealth again moved for a continuance because the Commonwealth's witnesses failed to appear. Defense counsel objected to the continuance "to preserve our rights under the speedy trial act." In discussions surrounding the continuance, defense counsel admitted that the defense also intended to use the Commonwealth's witnesses "so it is not detrimental to the defense to continue it; as a matter of fact, it could be construed, reasonably, to be harmful to the defense to insist on going forward today, but we do want our technical objection noted on the record due to simply the way [the] speedy trial act is written." The court granted the continuance by order until April 6, 1989. Defense counsel endorsed the order under the words, "Seen & objected."

With five stated exceptions, Code § 19.2-243 requires that an incarcerated person be tried within five months of the date of a finding of probable cause. The only exception the Commonwealth

claims to be relevant is that which states, "[b]y continuance granted on the motion of the accused, or by his concurrence in such a motion by the attorney for the Commonwealth . . . ." The five month period is computed as 153 days. *See Moten v. Commonwealth*, 7 Va. App. 438, 441, 374 S.E.2d 704, 706 (1988). In the present case, the time from preliminary hearing to trial was 195 days, forty-two days more than the statute permits.

We examine three periods of time which the Commonwealth contends fit within the exception. First, we examine the period from January 13 to February 27, 1989, and, second, the period from February 27 to April 6, 1989. On appeal, the Commonwealth also argues that the period from October 5, 1988, to January 13, 1989, should not count against the Commonwealth.

With regard to the period from January 13 to February 27, continued by the order endorsed by defense counsel under, "Seen," we find that the holding in *Flanary v. Commonwealth*, 184 Va. 204, 35 S.E.2d 135 (1945), is dispositive of the Commonwealth's argument that the appellant concurred in the continuance. In *Flanary*, the Supreme Court stated: "We have found no case in Virginia which holds that the accused waives his right [to a speedy trial] simply by failing to oppose a motion for a continuance made by the Commonwealth." *Id.* at 209, 35 S.E.2d at 137. When the accused and his attorney do not object to a continuance, it is not the same as the accused being a proponent of the continuance. *See Id.* at 210, 35 S.E.2d at 137-38. In *Fowlkes v. Commonwealth*, 218 Va. 763, 240 S.E.2d 662 (1978), the Supreme Court reaffirmed *Flanary*. In *Fowlkes*, the Court noted that the rule that a defendant can stand mute without waiving his right to a speedy trial was established in Virginia law almost thirty years prior to *Barker v. Wingo*, 407 U.S. 514 (1972). *See* 218 Va. at 769, 240 S.E.2d at 666. In Virginia, one does not relinquish constitutional rights by mere silence; there must be an affirmative act. *Cf. Boaze v. Commonwealth*, 165 Va. 786, 183 S.E. 263 (1936). In the present case, construing the facts in the light as favorable to the Commonwealth as the law requires, it can only be said that defendant stood silent when the Commonwealth requested a continuance and agreed that, if the case was to be continued, counsel was available to try it on February 27, 1989.

With regard to the period from February 27, 1989, to June 6, 1989, the record shows that appellant's counsel objected to the

order. Notwithstanding statements made by defense counsel at the time the Commonwealth asked for the continuance, defense counsel made it clear in both word and by his specific objection to the order of continuance that he intended to rely upon the defendant's speedy trial right. Although defense counsel stated that his objection was "technical," the only purpose for an objection is to protect the interest of the litigant in some way. Defense counsel both verbally and by written objection noted on the order advised the trial court that the defense was not waiving its speedy trial rights. There was no affirmative act by appellant that can be construed as waiver of his speedy trial right.

The Commonwealth also maintains that the period of time between the indictment and the original trial date of January 13, 1989, should not be charged against the Commonwealth because appellant had agreed to January 13 as a trial date. The Commonwealth relies upon *Townes v. Commonwealth*, 234 Va. 307, 322-23, 362 S.E.2d 650, 658-59 (1987), *cert. denied*, 485 U.S. 971 (1988), as authority for its proposition. However, a review of the facts in that case shows it is inapposite to the facts here. In *Townes*, the defendant made a motion to continue the case during the period under consideration. Thus, there was an affirmative act by defendant as opposed to mere acquiescence.

The judgment appealed from is reversed.

*Reversed and final judgment.*

Baker, J., and Benton, J., concurred.