# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Perry

### Case No. (Criminal) 67537

BY JUDGE ROSEMARIE ANNUNZIATA

March 2, 1992

The matter before the court is the defendant's motion to dismiss the indictment against him on the ground that he has not been afforded a speedy trial in accordance with Va. Code § 19.2–243.

The parties have agreed that the court's inquiry is to be confined to the hearing held on February 13, 1991, at which an order was entered granting the Commonwealth's motion for a continuance "without objection."

The first question to be resolved is whether the court must constrain its consideration of the facts solely to the order reflecting the continuance granted in this case, or whether the transcript of the proceedings in which a continuance was granted may also be reviewed. As noted in a number of cases addressing the issue of delay in the prosecution of a criminal charge, the court must confine its review to the record. *Cantwell v. Commonwealth*, 2 Va. App. 606, 611 (1986); *Adkins v. Commonwealth*, 13 Va. App. 519 (1992). Decisions which state that representations made outside the record are insufficient to excuse delay, *see e.g., Adkins, supra* (citing *Godfrey v. Commonwealth*, 227 Va. 460, 464 (1984)), are not of such breadth, however, that the court must limit its review solely to orders and docket entries. *Bunton v. Commonwealth*, 6 Va. App. 557, 560–61 (1988) (transcript of the speedy trial hearing may be considered); *Cantwell*, 2 Va. App. at 612 (Although court's order was silent as to the reasons for the continuance, the complete record (as defined by Rule 5A:7) was found to be suffi-

cient to excuse delay); *see also, Walker v. Commonwealth*, 225 Va. 5, 9–11 (1983) ("Here, we are unable to find from any court order, *or* any from the record, that the defendant agreed to or concurred in the action of the trial court . . . .") (emphasis added). Thus, it is clear that the record is comprised not only of the court's orders and docket entries, but also of the transcript of the proceedings. *Bunton v. Commonwealth*, 6 Va. App. 557, 560–61 (1988); *Godfrey*, 227 Va. at 464 (1984); *Cantwell*, 2 Va. App. at 612.

Accordingly, for the reasons stated, I conclude the transcript of the hearing held on February 13, 1991, should be consulted to determine the basis for the Court's finding.

### March 3, 1992

The matter before the court is the defendant's motion to dismiss the indictment against him on the ground that he has not been afforded a speedy trial in accordance with Va. Code § 19.2–243.

The parties have agreed that the court's inquiry is to be confined to the hearing held on February 13, 1991, at which an order was entered granting the Commonwealth's motion for a continuance "without objection."

When a defendant asserts that he has been denied a speedy trial, the burden is on the Commonwealth to satisfactorily explain the delay. *Godfrey v. Commonwealth*, 227 Va. 460, 463 (1984). The Commonwealth contends that the defendant agreed to the delay and is hence barred from relying on § 19.2–243(1) to support his motion to dismiss the indictment. For the reasons stated in the opinion letter dated March 2, 1992, the Court reviewed the transcript of the hearing held on February 13, 1991, as well as the rest of the record of the case, to determine whether the defendant concurred in the continuance.

A review of the transcript of the hearing shows that counsel for the defendant advised the court orally that the defendant had no objection to the continuance. If the defendant remained mute before the court, there is no question that he would not have waived his right to a speedy trial. *Godfrey*, 227 Va. at 463; *Taylor v. Commonwealth*, 12 Va. App. 425 (1991). But here the relevant inquiry is whether the defendant's affirmative representation through counsel that he had no objection to the continuance constitutes concurrence in the delay.

In support of his contention that concurrence is not established by such representations, the defendant cites *Flanary v. Commonwealth*, 184 Va. 204 (1947). In *Flanary*, the Court said:

> If the legislature had intended for the silence of the accused, or his *failure to object* to a continuance of his case, to be a waiver of his right, it could, and doubtless would, have used appropriate language to convey that intention. (Emphasis added.)

*Id.* at 211.

In light of the "no objection/no waiver" language of *Flanary*, defendant contends that an affirmative representation that the accused has no objection cannot be construed as an agreement to the continuance. The defendant in *Flanary*, however, did not affirmatively state that he had no objection to the Commonwealth's motions for a continuance; he simply remained silent and passive in the face of the Commonwealth's actions. *Id.* at 207–210.

Moreover, the holdings of the more recent cases citing *Flanary*, and the language at issue, likewise do not rest on the defendant's express statement that he had no objection to the continuance motion by the Commonwealth. In *Walker v. Commonwealth*, 225 Va. 5, 9 (1983), except for requesting separate jury trials of his two charges, the defendant remained silent in the face of the court's decision to continue the trial of one of the two charges he faced. *See Godfrey*, 227 Va. at 463 (reviewing *Walker*). In *Pittman v. Commonwealth*, 10 Va. App. 693 (1990), in which the court also cites the language in *Flanary* relied upon by the defendant, the order granting the continuance which was at issue before the court was endorsed by defense counsel under the word "seen." The Court treated this act as one of mere silence. *Pittman*, at 695. Thus, the question in the present case appears to be one of first impression.

The determination of whether the defendant in this case concurred in the motion for a continuance is one of fact and is based on the conduct he exhibited in response to the motion. *See, Moten v. Commonwealth*, 7 Va. App. 438, 442 (1988) ("The exceptions . . . often look to the defendant's actions that tend to delay the trial."); *see also, Taylor*, 12 Va. App. at 427–28; *Godfrey*, 227 Va. at 464–465; *Pittman*, 10 Va. App. at 695–96. In *Corey v. Commonwealth*, 8 Va. App. 281, 285 (1989), the Virginia Court of Appeals defines "concurrence" as a

"meeting or coming together; agreement or union in action; meeting of minds; union and design; consent." One of the acts the court may review to determine concurrence is the verbal response made by counsel to motions for a continuance. *Pittman*, 10 Va. App. at 695–96 (Counsel's verbal objection and his endorsement of the court's order granting a continuance "seen and objected to" was sufficient to pre-serve defendant's right to a speedy trial).

The purpose for an objection is to protect the interest of the litigant in some way. *Id.* at 696. It follows that the purpose of affirmatively stating that a party has no objection to a request made by the Commonwealth is to relinquish those interests. Such an affirmation that the defendant does not intend to protect the particular interests at issue must be given meaning bearing more import than mere silence. Since raising an objection to proposed court action signifies opposition, *see e.g., State ex rel. Browning v. Blankenship*, 175 S.E.2d 172 (W. Va. 1970), noting "no objection" to the court's proposed action must plainly be understood as manifesting consent to and agreement with the action.

Accordingly, since defendant consented to and agreed with the motion for a continuance, the period of delay which followed cannot be attributed to the Commonwealth, and prosecution of the defendant is not barred by Va. Code § 19.2–243.