## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

William H. Harris

April 30, 1996

BY JUDGE CHARLES E. POSTON

This matter comes before the Court on the defendant's motion to dismiss the case due to an alleged violation of the Speedy Trial Act, Virginia Code § 19.2-243. Briefs were submitted to the Court on the issue and argument was heard on April 22, 1996.

### *Facts*

On April 6, 1995, the defendant, William H. Harris, was arrested on a charge of raping Angela Brown. On August 1, 1995, a preliminary hearing was held on that charge in Norfolk Juvenile and Domestic Relations District Court. The J&DR court found that there was probable cause to try the defendant on the rape charge. Virginia Code § 18.2-61. Subsequently, on September 6, 1995, the defendant was indicted for rape and for a charge of forcible sodomy. §§ 18.2-67.1 and 18.2-67.10. That same day the Circuit Court of the City of Norfolk appointed William Swan to represent the defendant.

On September 25, 1995, an order was entered, by agreement of both parties, setting trial for November 20, 1995. Trial was never held on that date, nor is there an order in the record indicating that a continuance from that date was granted. Indeed, the next order in the record relating to the trial date is an order, upon motion of the defendant's new counsel, F. Sullivan Callahan, continuing the trial from February 1, 1996, to May 7, 1996. Since that order was entered, the Commonwealth requested and was granted a continuance of the trial until May 8, 1996. The defendant has been continuously in custody since the date of his arrest in April of 1995.

*Background Law*

Section 19.2-243 of the Virginia Code states that:

[w]here a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution from such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court.

This five month statutory period is computed as 153 days. *Pittman v. Commonwealth*, 10 Va. App. 693, 695 (1990). There are, however, exceptions to the statute's provisions. For instance, the provisions of the statue do "not apply to such period of time as the failure to try the accused was caused ... [b]y continuance granted on the motion of the accused or his counsel, *or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth.*" § 19.2-243(4).

*Speedy Trial Act's Application to Rape Charge*

In the case at bar, the statutory period on the rape charge began to run on August 1, 1995. Trial is scheduled to begin on May 8, 1996. The period between these two dates is 281 days. Unless there is a statutory exception covering a significant portion of this time, the Speedy Trial Act's time period has run and the rape charge must be dismissed.

Certainly, defense counsel's request for a continuance from February 1, 1996, to May 7, 1996, fits within the statutory exception. Therefore, those 97 days do not count toward the 153 day period. Still, the period from August 1, 1995, to February 1, 1996, amounts to 183 days. Furthermore, the Commonwealth is charged with an additional day for requesting a continuance from May 7, 1996, to May 8, 1996. This 184 day period is well in excess of the 153 day period proscribed by § 19.2-243. However, the Commonwealth claims that the 75 day period, between September 6, 1995, and the original trial date of November 20, 1995, should not count towards the five-month statutory period.

In order for a continuance to toll the running of time under the Act, "two requirements must be met: (1) the continuance must result in a 'failure to try the accused' and (2) the continuance must be granted 'on motion of the accused or by his concurrence in such a motion'." *Nelms v. Commonwealth*,

11 Va. App. 639, 641 (1991). In addition, the time that elapses between a finding of probable cause and the initial trial date, "even though the accused concurs in the trial date, is not a continuance within the contemplation of subsection (4) of the statute, but counts against the Commonwealth in a calculation of compliance." *Ballance v. Commonwealth*, 21 Va. App. 1, 6 (1995). *See also Pittman v. Commonwealth*, 10 Va. App. 693, 696 (1990) (mere acquiescence of defendant to setting of trial date does not toll § 19.2-243's time period).

The issue facing this Court is whether the order setting the November 20th trial date was a "continuance," agreed to by the defendant, which resulted in a "failure to try the accused," or whether it was an order that merely set the initial date for trial. The order setting the November 20th trial date was written on a standard continuance form. The form stated that on motion of "both parties" and "by agreement" the trial was to be continued from September 6, 1995, to November 20, 1995. Defense counsel signed the form and hand-wrote beside his signature that he "had available trial dates beginning October 23, 1995, and agreed to the continuance until that date, but [he] object[ed] to the continuance from October 23, 1995, through November 20, 1995."

As an initial matter, it is apparent that the defendant did not concur in the "continuance" for the period after October 23, 1995. Therefore, at a minimum, the Commonwealth must be charged with the time after October 23, 1995, and up to November 20, 1995.

Additionally, the time period between September 6th and October 23rd counts against the Commonwealth. It is clear that this period was not caused by a "continuance" that resulted in a "failure to try the accused." On September 6, 1995, the defendant was indicted and counsel was appointed to represent him. These steps were necessary to prepare the matter for trial. Indeed, the defendant could not have been tried on his felony rape charge that day, and in fact as of that day no trial date had yet been scheduled. Therefore, the "continuance" of the case from September 6th to November 20th "did not cause a failure to try the defendant." *See Nelms*, 11 Va. App. at 642. Instead, the court order, despite the fact that it was set forth on a standard continuance form, merely set the matter for trial. Such an order is not considered a continuance that tolls the statutory time period. *Ballance*, 21 Va. App. at 6; *Pittman*, 10 Va. App. at 696.

Since the period between September 6th and November 20th is counted against the Commonwealth and as the Commonwealth admits that the period from November 20, 1995, to February 1, 1996, is charged against it, 184 days have passed between the probable cause determination and the trial, well over

28

§ 19.2-243's 153 day requirement. Therefore, the defendant's rape charge must be dismissed.

*Speedy Trial Act's Application to Forcible Sodomy Charge*

The record indicates, and the defendant implicitly concedes, that the J&DR Court never made a probable cause determination on August 1, 1995, with regard to the oral sodomy charge. *See* Defendant's Brief, at 1. Instead, the defendant was indicted on a charge of forcible sodomy on September 6, 1995, without ever having had a district court make a probable cause determination with regard to that charge.

Section 19.2-243 states that "[w]here a general district court has found that there is probable cause to believe that the defendant has committed a felony, the accused ... shall be forever discharged from prosecution for *such offense* if no trial is commenced in the circuit court within five months from the date *such* probable cause was found by the district court." However, "[i]f there was no preliminary hearing in the district court ... the commencement of the running of the five ... month period ... shall be from the date an indictment ... is found against the accused." § 19.2-243.

Under the unambiguous terms of the statute, the defendant is only discharged from prosecution for the Commonwealth's failure to try the defendant within a five month period for "such offense" upon which the district court made a probable cause determination. If the district court did not make a probable cause determination, then the five-month period does not commence until the defendant is indicted.

Here, the district court never found probable cause on the forcible sodomy charge, and the defendant was not indicted on that count until September 6, 1995. At that point, the statutory time period began to run. As such, the 36 day period between August 1st and September 6th did not count towards the 153 day time period of the statute. Only 148 days have elapsed between indictment and the trial date on the forcible sodomy charge. Thus, the defendant may still be tried for this offense.

*Conclusion*

The five month time period has elapsed on the rape charge and the defendant cannot be prosecuted on that count. However, the time period has not run on the forcible oral sodomy count, and the defendant may be tried on that charge.