COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Annunziata
Argued at Salem, Virginia


DAVID WAYNE ALLEN
                                        OPINION BY
v.        Record No. 1506-97-3    JUDGE JERE M. H. WILLIS, JR.
                                        JULY 7, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF SALEM
                    Robert P. Doherty, Jr.

          Terry N. Grimes (King, Fulghum, Snead,
          Nixon & Grimes, P.C., on brief), for
          appellant.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     On appeal from his conviction of unauthorized use of a motor

vehicle, David Wayne Allen contends that the trial court erred in

failing to determine that his plea of no contest was voluntarily,

intelligently and knowingly made.  Because Allen did not preserve

this issue for appeal, we will not consider it as a basis for

reversal and affirm the judgment of the trial court.  See Rule

5A:18.

                              I.

     Allen and several others entered the property of CFE

Equipment, Inc., trading as Valley Industrial Trucks, in Salem

and drove several forklifts off the premises.  Allen was indicted

for unauthorized use of a motor vehicle in violation of Code

§ 18.2-102.

     Prior to trial, Allen pleaded not guilty.  Upon questioning

by the trial court, Allen acknowledged that he understood the charge against him, that he had discussed the charge with his attorney, that he was entirely satisfied with his attorney's services, and that he entered his plea freely and voluntarily. Informed by the trial court of his right to trial by jury, Allen knowingly and voluntarily waived that right. The record reflects the concurrence of the Commonwealth's attorney and the court.

At trial, Allen cross-examined witnesses for the Commonwealth, moved to strike the evidence, presented witnesses, and testified in his own behalf. On direct examination by his attorney, Allen admitted his participation in the unauthorized use of the forklifts. His attorney then asked him whether he was going to plead guilty to the charge. Allen replied, "yes." The trial court ruled that Allen could change his plea and asked him whether he wanted to change his plea to guilty. Allen replied that he wanted to change his plea to no contest. The trial court accepted that change of plea.

After hearing all of the evidence, the trial court found Allen guilty of unauthorized use of a motor vehicle. It sentenced him to serve four years in the state penitentiary, with all but eighteen months of that term suspended. See Code § 18.2-102.

## II.

In a proceeding free of jurisdictional defects, no appeal lies from a punishment fixed by law and imposed upon a defendant

who has entered a voluntary and intelligent plea of guilty.[1] Dowell v. Commonwealth, 12 Va. App. 1145, 1148, 408 S.E.2d 263, 265 (1991), aff'd on reh'g en banc, 14 Va. App. 58, 414 S.E.2d 440 (1992). Allen alleges no jurisdictional defect, concedes that his sentence complied with the statute under which he was charged, and admits that the evidence "was more than sufficient to sustain the conviction."[2] However, he complains of his sentence and contends that the trial court erred by accepting his plea of no contest without first having determined that the plea was entered voluntarily, intelligently and knowingly.

Rule 5A:18 precludes our consideration of a ruling of the trial court "as a basis for reversal" unless an objection and the grounds therefor were stated contemporaneously with the ruling.

---

[1] "A plea of nolo contendere [or no contest] is neither 'a confession of guilt' nor a 'declaration of innocence equivalent to a plea of not guilty.' . . . 'Nonetheless, by entering [the] plea . . ., the defendant "implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty" for the purposes of imposing judgment and sentence.'" Jefferson v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1998) (citations omitted). For purposes of this appeal, we shall consider the plea of nolo contendere, or no contest, as equivalent to a plea of guilty.

[2] The evidence, viewed in the light most favorable to the Commonwealth, Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987), proves that Allen drove a forklift without the consent of the absent owner and intended to deprive the owner of possession of the forklift temporarily. See Code § 18.2-102. While Allen denied driving the forklift, he admitted to acting as a lookout. Code § 18.2-102 provides that: "Any person who assists in, or is a party or accessory to, or an accomplice in, any such unauthorized taking, driving or using shall be subject to the same punishment as if he were the principal offender."

While he admits that he did not object to the trial court's acceptance of his plea, either during or after trial, Allen argues that we should consider his contention under the "ends of justice" exception to the operation of Rule 5A:18.

The "ends of justice" exception to Rule 5A:18 permits our consideration on appeal of a question not properly presented to the trial court "when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage might have occurred."  Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987) (emphasis in original).  Thus, we must review the record to determine whether a miscarriage of justice has occurred.

A.

Allen contends that the trial court failed to determine that his amended plea was entered voluntarily, intelligently and knowingly, and, thus, deprived him of liberty without due process of law.  We disagree.

A plea of guilty constitutes a "self-supplied conviction." Peyton v. Commonwealth, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969).  One who voluntarily and intelligently pleads guilty waives important constitutional rights, including his right to trial by jury, his right against self-incrimination, his right to confront his accusers, his right to demand that the Commonwealth prove its case beyond a reasonable doubt, and his right to object to illegally obtained evidence.  Dowell, 12 Va. App. at 1149, 408

S.E.2d at 265.

Addressing the constitutional implications of a guilty plea, the Supreme Court has stated:  "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence."  Boykin v. Alabama, 395 U.S. 238, 243-44 (1969).  Adherence to this standard not only avoids convictions by unconstitutional means, such as through ignorance or intimidation, but also "leaves a record adequate for any review that may be later sought, and forestalls the spin-off of collateral proceedings that seek to probe murky memories." Boykin, 395 U.S. at 243-44 (citations and footnotes omitted). Moreover, the presumption against the waiver of constitutional rights forbids the relinquishment of those rights by mere silence.  Sisk v. Commonwealth, 3 Va. App. 459, 462, 350 S.E.2d 676, 678 (1986); Pittman v. Commonwealth, 10 Va. App. 693, 695, 395 S.E.2d 473, 474 (1990).  Therefore, according due process to a defendant's entry of a guilty plea requires "an affirmative showing [on the record] that the waiver embodied in the plea of guilty is intelligently, voluntarily and knowingly made."  Graham v. Commonwealth, 11 Va. App. 133, 139, 397 S.E.2d 270, 273-74 (1990) (citations omitted).  See Rule 3A:8(b); James v. Commonwealth, 18 Va. App. 746, 750, 446 S.E.2d 900, 902 (1994).

On the day of trial, Allen was arraigned and, in

consultation with his attorney, pleaded not guilty.  He acknowledged that he understood the nature of the charge, had prepared for trial, and was satisfied with his attorney.  His plea was entered freely and voluntarily.  He took the stand of his own volition and incriminated himself upon questioning by his attorney.  Thereafter, he stated that he wanted to change his plea.  When the trial court asked whether he wanted to change his plea to guilty, Allen replied that he wanted to change his plea to no contest.

The record of Allen's arraignment and his actions during trial demonstrate that he entered his amended plea voluntarily, knowingly and intelligently.  Allen neither alleges nor suggests that he was not fully apprised of the consequences of his amended plea.  He does not assert that he suffered from intimidation or ignorance.  Indeed, Allen does not contend that his amended plea was other than knowing, intelligent and voluntary.  See Simmers v. Commonwealth, 11 Va. App. 375, 377, 398 S.E.2d 693, 694 (1990).  His consultation with and questioning by his attorney confirm this.

B.

Allen was afforded the constitutional rights afforded a defendant who pleads not guilty.  See Boykin, 395 U.S. at 243. The requirement that a plea of guilty be made knowingly, voluntarily and intelligently is designed to prevent a defendant's unknowing waiver of constitutional rights.  See id.

The trial court's acceptance of Allen's mid-trial plea caused no retrospective waiver of any trial right. To the contrary, Allen amended his plea only after he had exercised those rights fully.

Prior to amending his plea, Allen waived his right to trial by jury, cross-examined witnesses for the Commonwealth, and waived his privilege against self-incrimination. Evidence of his guilt was proven beyond a reasonable doubt, a fact that Allen does not dispute.

C.

Rule 3A:8(b) embodies the due process requirements for accepting a plea of guilty or nolo contendere. This rule provides as follows: "A circuit court shall not accept a plea of guilty or nolo contendere without first determining that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea."

While the better practice in this case would have been for the trial court to inquire further of Allen and to make a written finding that the amended plea was voluntary and intelligent,[3] we do not view that omission as productive of a miscarriage of justice. The record plainly establishes that Allen amended his plea knowingly, voluntarily and intelligently. Further, the timing of the plea, a mid-trial reflection of his

---

[3]Form 6 in the Appendix to Part 3A of the Rules of the Supreme Court of Virginia offers suggested questions which address the due process concerns arising from a defendant's plea of guilty.

self-incriminating testimony, afforded him the opportunity to assert his trial rights fully before pleading no contest.  As Allen admits, the evidence was sufficient as a matter of law to support his conviction, even on a plea of not guilty.

Finding no "miscarriage of justice," we decline to review this issue as a basis for reversal for the first time on appeal.  See Rule 5A:18.  The judgment of the trial court is affirmed.

Affirmed.