COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Senior Judge Clements
Argued at Richmond, Virginia


DANIEL LEE VESLEY

MEMORANDUM OPINION[*] BY
v.        Record No. 2076-07-2           JUDGE CLEO E. POWELL
FEBRUARY 3, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Thomas N. Nance, Judge Designate

Jessica M. Bulos, Assistant Appellate Defender (Office of the
Public Defender; Office of the Appellate Defender, on briefs), for
appellant.

Susan M. Harris, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


On appeal from his bench trial conviction of obtaining money by false pretenses in violation

of Code § 18.2-178, Daniel Lee Vesley ("Vesley") contends that the trial court erred in failing to

determine that his plea of *nolo contendere* was voluntarily, intelligently, and knowingly made.

As Vesley did not preserve this issue for appeal, we will not consider it as a basis for reversal

and, therefore, we affirm the judgment of the trial court. See Rule 5A:18.

I.  BACKGROUND

Vesley presented himself as a representative of a fictitious company to the owner of a

service station in the City of Richmond and convinced the owner to purchase a truck lift from the

company.  The owner gave Vesley a check for $975, but never received the truck lift.  A

subsequent investigation revealed that Vesley had committed similar acts in other jurisdictions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Vesley was eventually arrested and charged with obtaining money by false pretenses in violation of Code § 18.2-178.

Pursuant to a written plea agreement, Vesley entered a plea of no contest to the charge in exchange for a sentence of ten years incarceration with eight years suspended. At arraignment, the trial court addressed Vesley and asked, "How do you plead?" Vesley responded "I am pleading no contest." The following colloquy then ensued:

> THE COURT: Mr. Vesley, what is your full name?
>
> [VESLEY]: Daniel Lee Vesley.
>
> THE COURT: How old are you?
>
> [VESLEY]: Fifty.
>
> THE COURT: Can you read and write?
>
> [VESLEY]: Yes, sir.
>
> THE COURT: Do you understand the charge against you?
>
> [VESLEY]: Yes, Your Honor, I do.
>
> THE COURT: Have you talked to your lawyers about your case?
>
> [VESLEY]: Yes, Your Honor.
>
> THE COURT: And have you talked to them about your right to have a jury?
>
> [VESLEY]: Yes, Your Honor.
>
> THE COURT: Do you understand you can have a jury if you want to plead not guilty?
>
> [VESLEY]: Yes, Your Honor.
>
> THE COURT: Is it your decision to not have a jury and to plead guilty, or to plead no contest, which is tantamount to a guilty plea, pursuant to a plea agreement; is that correct?
>
> [VESLEY]: Well, with a caveat, Your Honor. What has happened in my case is that the defense materials that I would be able to present--

THE COURT: Mr. Vesley, I am not really interested in your case. At this point, I am interested in whether or not you know what you are charged with, you are making an intelligent decision, understanding you have entered into an agreement of some kind.

[VESLEY]: Yes, Your Honor.

THE COURT: So I don't need why for. Is this what you have done? You have entered a plea of no contest, which means that just a scintilla of evidence will be enough to convict you, and that you have entered into an agreement as to the disposition. Do you understand that?

[VESLEY]: Yes, Your Honor.

THE COURT: Does he understand the charge against him?

[VESLEY'S COUNSEL]: Yes, sir.

THE COURT: His right to a jury?

[VESLEY'S COUNSEL]: Yes, sir.

THE COURT: And the consequences of his guilty plea?

[VESLEY'S COUNSEL]: Yes, sir.

THE COURT: Mr. Vesley, if you are found guilty, pursuant to your plea of no contest, you may be subject to revocation of any suspended time that you have. Do you understand that?

[VESLEY]: Yes, Your Honor.

THE COURT: We will note there will likely be no appeal from this case. Do you understand?

[VESLEY]: Yes, Your Honor.

After the Commonwealth summarized its evidence, the trial court found Vesley guilty of obtaining money by false pretenses. The court sentenced Vesley to ten years incarceration with eight years suspended, in accord with the plea agreement.

This appeal followed.

## II.  ANALYSIS

"In a proceeding free of jurisdictional defects, no appeal lies from a punishment fixed by law and imposed upon a defendant who has entered a voluntary and intelligent plea of guilty." Allen v. Commonwealth, 27 Va. App. 726, 729-30, 501 S.E.2d 441, 442 (1998) (citing Dowell v. Commonwealth, 12 Va. App. 1145, 1148, 408 S.E.2d 263, 265 (1991), aff'd on reh'g en banc, 14 Va. App. 58, 414 S.E.2d 440 (1992)).  On appeal, Vesley alleges no jurisdictional defect.  Vesley contends only that the trial court erred in accepting his plea of no contest because the record fails to show the plea was entered voluntarily, intelligently, and knowingly.  We disagree.

Virginia Supreme Court Rule 5A:18 precludes this Court from considering a ruling of the trial court "as a basis for reversal" unless an objection and the grounds therefor were stated contemporaneously with the ruling.  Vesley admits that he did not object to the trial court's acceptance of his plea, either during or after trial.  He argues, however, that his failure to object to the trial court's acceptance of his plea does not bar his claim on appeal under Rule 5A:18 because "mere silence is insufficient to indicate a voluntary waiver of constitutional rights."

This Court has previously held that "[Rule 5A:18] applies to issues involving constitutional principles."  West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004) (citing Ashby v. Commonwealth, 33 Va. App. 540, 544-45, 535 S.E.2d 182, 185 (2000)).  We hold, therefore, that Vesley did not preserve this issue for appeal and is barred by Rule 5A:18 from raising it for the first time on appeal, unless, as Vesley submits, the ends of justice exception to Rule 5A:18 apples.  See Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997) ("[W]e do not consider trial court error as a basis for reversal where no timely objection was made except in extraordinary situations to attain the ends of justice.").

The "ends of justice" exception to Rule 5A:18 "requires proof of an error that was 'clear, substantial and material.'" West, 43 Va. App. at 338, 597 S.E.2d at 279 (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)). Furthermore,

> The record "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Ordinarily, in the criminal context, application of the ends of justice exception is appropriate where "[the accused] was convicted for conduct that was not a criminal offense" or "the record . . . affirmatively proves that an element of the offense did not occur."

Id. (citations omitted). "Error alone, even a violation of constitutional principles, is not sufficient to warrant application of the ends of justice exception to Rule 5A:18." Id. at 339, 597 S.E.2d at 280 (citing Ashby, 33 Va. App. at 544-45, 535 S.E.2d at 185). In addressing whether the ends of justice exception permits our consideration on appeal of a question not properly presented to the trial court, we must review the record to determine whether a miscarriage of justice has occurred. See Allen, 27 Va. App. at 730, 501 S.E.2d at 443.

In the present case, Vesley does not argue that his actions were not criminal or that the record proves that he is innocent. Evidence of his guilt was proven beyond a reasonable doubt, a fact Vesley does not dispute. Rather, Vesley claims a miscarriage of justice occurred because the record fails to show the plea was entered voluntarily, intelligently, and knowingly. To support that contention, he claims the trial court did not explain to him that by entering such a plea, he would waive his general trial rights. Thus, he concludes, we should invoke the ends of justice exception to Rule 5A:18. We disagree with Vesley's conclusion.

When a defendant pleads guilty he waives several fundamental constitutional rights, e.g., trial by jury, confrontation of witnesses, and the prohibition against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 243 (1969). "Waivers of constitutional rights not only must be

voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). "[A]ccording due process to a defendant's entry of a guilty plea requires 'an affirmative showing [on the record] that the waiver embodied in the plea of guilty is intelligently, voluntarily and knowingly made.'" Allen, 27 Va. App. at 731, 501 S.E.2d at 443 (quoting Graham v. Commonwealth, 11 Va. App. 133, 139, 397 S.E.2d 270, 273-74 (1990)); see also Mason v. Commonwealth, 14 Va. App. 609, 612, 419 S.E.2d 856, 858 (1992) ("[T]he record must affirmatively show that a guilty plea is entered freely and intelligently.").

Although the record requires an affirmative showing, "no particular ritual is required in order for the trial court to determine whether the plea is made voluntarily and with the understanding of its nature and consequences." Stokes v. Slayton, 340 F. Supp. 190, 192 (W.D. Va. 1972) (citing Jenkins v. United States, 420 F.2d 433 (10th Cir. 1970)), aff'd, 473 F.2d 906 (4th Cir. 1973). Furthermore, a defendant is not "entitled to specific monition as to the several constitutional rights waived by entry of the plea." Wade v. Coiner, 468 F.2d 1059, 1060 (4th Cir. 1972). "If the record affirmatively shows that the plea was intelligently and voluntarily entered, that is enough." Id.

The facts of Wade are instructive. In Wade, the trial judge asked defense counsel whether he (counsel) had explained the defendant's rights to the defendant, particularly his right to trial by jury. Id. Defense counsel answered in the affirmative. Addressing the defendant directly, the trial judge asked whether he voluntarily wished to enter a guilty plea and whether he understood that he could be sentenced for one to ten years for the offense. Id. No further questions were answered by the defendant. Id. On these facts, the Fourth Circuit ruled the record affirmatively showed the defendant had voluntarily and intelligently entered his guilty plea. Id. at 1061.

In this case, the record affirmatively shows that Vesley's plea was entered knowingly, voluntarily, and intelligently. The evidence plainly shows that Vesley signed the written plea agreement. Additionally, on the day of trial, Vesley was arraigned and, in consultation with his attorney, entered a plea of *nolo contendere*. Vesley verbally acknowledged that he understood the charges against him, had spoken with his attorneys, and had the right to a jury trial. Defense counsel, in his presence, acknowledged that Vesley understood the charges against him, his right to a jury trial, and the consequences of his plea. He did not stand mute and was given the opportunity to speak in his own defense after the summary of the Commonwealth's case. Vesley does not allege that he suffered from intimidation or ignorance. As such, there is nothing in the record to indicate that Vesley's plea was anything other than knowing, voluntary, and intelligent.

While it is preferable that the trial court enumerate each right that may be waived when a defendant enters a plea of guilty or *nolo contendere*, we do not view the trial court's failure to do so as a miscarriage of justice. Allen, 27 Va. App. at 733, 501 S.E.2d at 444.

### III. CONCLUSION

Finding no miscarriage of justice, we decline to review this issue as a basis for reversal for the first time on appeal. See Rule 5A:18. Therefore, the judgment of the trial court is affirmed.

Affirmed.