COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Clements, Haley and Petty


DAVID ROGER SLATE

                                                    MEMORANDUM OPINION*
v.      Record No. 0609-22-3                            PER CURIAM
                                                     NOVEMBER 22, 2022
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                           K. Mike Fleenor, Jr., Judge

              (Courtney Griffin Roberts; Roberts Law PLLC, on brief), for
              appellant. Appellant submitting on brief.

              (Jason S. Miyares, Attorney General; Stephen J. Sovinksy, Assistant
              Attorney General, on brief), for appellee.


        Following David Roger Slate's guilty plea, the trial court convicted him of

methamphetamine possession. Slate asserts that the trial court erred by finding his plea was made

freely, voluntarily, and intelligently and that the evidence was insufficient to support his conviction.

He also contends that the trial court abused its discretion by attaching a Fourth Amendment waiver

condition to his suspended sentence. Slate's counsel has moved for leave to withdraw. The

motion to withdraw is accompanied by a brief referring to the part of the record that might

arguably support this appeal. A copy of that brief has been furnished to Slate with sufficient

time for him to raise any matter that he chooses. Slate has not filed a *pro se* supplemental

opening brief.

        We have reviewed the parties' pleadings, fully examined the proceedings, and determined

the case to be wholly frivolous and wholly without merit as set forth below. Thus, the panel

_____

        * Pursuant to Code § 17.2-413, this opinion is not designated for publication.

unanimously holds that oral argument is unnecessary.  *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

For the following reasons, we affirm the trial court's judgment.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court."  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."

*Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On March 21, 2022, Slate executed a written plea agreement whereby he entered a guilty

plea[1] to methamphetamine possession in exchange for the Commonwealth's agreement to nolle

prosequi two other charges.  On the same date, Slate completed and signed a four-page written

colloquy explaining the consequences of his plea.  Slate supplied handwritten responses to

thirty-five colloquy questions and placed his initials on each page.

In the written plea colloquy, Slate agreed that he had discussed with his attorney the charge

and its elements, any possible defenses to the charge, and the Commonwealth's burden of proof.

The written colloquy also confirmed that Slate had discussed his plea with counsel and that he had

decided independently to plead guilty.  Slate acknowledged in the written colloquy that his plea

operated as a waiver of his right to a jury trial, his right against self-incrimination, and his right to

confront and cross-examine witnesses.  In the colloquy, he denied that his plea had been coerced,

---

[1] The written plea colloquy states that Slate entered a guilty plea under *North Carolina v. Alford*, 400 U.S. 25 (1970), but the plea recited in the plea agreement and during the plea colloquy in open court was a simple guilty plea.  At the plea hearing, Slate stated that he was pleading guilty because he was, in fact, guilty.

and he expressed satisfaction with his attorney's services. Slate acknowledged that he would receive the sentence indicated in the plea agreement if the trial court accepted it.

Slate also executed the written plea agreement on March 21, 2022. The plea agreement provided that Slate would be sentenced to three years, with all but one day suspended, on the condition that he remain on supervised probation for three years. The plea agreement also conditioned the suspended sentence on Slate waiving his Fourth Amendment rights pertaining to search and seizure

> during the period of his supervised probation and suspended sentence under this agreement and, as a condition of any suspended sentences, probation, or post-release supervision period, to consent to any request at any time by a law enforcement or probation officer to search his person, belongings, motor vehicle(s), residence, or any such property in his possession and control, for illegal drugs, contraband, and weapons.

On March 21, 2022, Slate appeared before the trial court to enter his plea. The trial court then conducted its own colloquy with him. The trial court confirmed with Slate that he had reviewed the written plea agreement with his attorney and that it contained all the terms of his agreement. Slate agreed that he faced a maximum sentence of ten years, but if the trial court accepted the plea agreement, he would be sentenced in accordance with the plea agreement. Moreover, during his plea colloquy, Slate stated that he had discussed the charge, its elements, and any possible defenses with his attorney, that he understood the charge, and that he had decided to plead guilty because he was, in fact, guilty of the charge. He confirmed that he understood the trial court's questions, that he was entering his plea freely and voluntarily, and that he wanted the trial court to accept his plea agreement. Slate acknowledged that, if the trial court rejected the plea agreement, he could withdraw his plea and appear before a different judge. After confirming that Slate had no questions, the trial court accepted his plea and found that it was "made freely,

voluntarily and intelligently with an understanding of the nature of the charge and the consequences of the plea."

After the trial court accepted Slate's plea, the Commonwealth proffered the evidence it would have presented at trial. The Commonwealth averred that Deputy Stephens saw Slate throw several objects out of the driver's window of a car as the officer attempted to perform a traffic stop in Christiansburg. When Slate pulled over, he denied throwing the objects from the vehicle. But when Deputy Stephens and another officer searched the area where Slate had thrown the objects, they found a clear plastic baggy containing a crystal-like substance, a glass bubble smoking device, and a straw. After being advised of his constitutional rights, Slate responded to further questions by stating, "[Y]ou're going to take me to jail anyways." Forensic tests determined that the crystal-like substance was methamphetamine. The forensic analysis results were entered into evidence. Slate agreed with the facts proffered and that they were sufficient to prove his guilt.

The trial court found that Slate had entered his guilty plea freely, voluntarily, and intelligently, accepted his plea, and entered a finding of guilt. In accordance with the plea agreement, the trial court sentenced Slate to three years' incarceration, suspended all but one day of the sentence for three years, and placed him on supervised probation for three years. The suspended sentence was conditioned on Slate's waiver of Fourth Amendment rights "during the period of his suspended sentence under th[e] agreement." The sentencing order also provided that Slate consented, "as a condition of any suspended sentences, probation, or post release supervision period, . . . to [the] search [of] his person, belongings, motor vehicle(s), residence, or any such property in his possession and control, for illegal drugs, contraband and weapons." Before imposing sentence, the trial court reiterated that, "in addition to the usual terms and conditions of probation, [Slate would] be waiving [his] Fourth Amendment rights during the period of probation and the period of the suspended sentence." Slate appeals.

ANALYSIS

A. Preservation of Assignments of Error

Slate concedes that none of his arguments have been preserved for appeal. Nevertheless, he asks that we consider them under the ends of justice exception in Rule 5A:18. The Commonwealth counters that application of the ends of justice exception is not warranted because "Slate stipulated to the facts, pled guilty, and agreed to his sentence, including the Fourth Amendment waiver." Moreover, the Commonwealth maintains that Slate's guilty plea waived his right to appeal any non-jurisdictional issues. "The issue of whether a defendant has waived his right of appeal in connection with a plea proceeding 'is a matter of law[.]'" *Delp v. Commonwealth*, 72 Va. App. 227, 235 (2020) (quoting *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010)). Accordingly, the Court applies a *de novo* standard of review. *Id.*

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008) (quoting *Bazemore v. Commonwealth*, 42 Va. App. 203, 219 (2004) (*en banc*)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "[T]o show that a miscarriage of justice *has* occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Quyen Vinh Phan*

*Le v. Commonwealth*, 65 Va. App. 66, 74 (2015) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221-22 (1997)).

"The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (*en banc*) (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). The "exception requires proof of an error that was 'clear, substantial and material.'" *West v. Commonwealth*, 43 Va. App. 327, 338 (2004) (quoting *Herring v. Herring*, 33 Va. App. 281, 287 (2000)). "Virginia courts applying the ends-of-justice exception require a defendant to present not only a winning argument on appeal but also one demonstrating that the trial court's error results in a 'grave injustice' or a wholly inexcusable 'denial of essential rights.'" *Winslow v. Commonwealth*, 62 Va. App. 539, 546-47 (2013) (quoting *Brittle*, 54 Va. App. at 513). "Where the record does not affirmatively establish error, we cannot invoke the ends of justice exception to Rule 5A:18." *Smith v. Commonwealth*, 59 Va. App. 710, 724 (2012).

### B. Acceptance of Guilty Plea

Slate asserts that the trial court erred by finding that he entered his guilty plea freely, voluntarily, and intelligently because the record is "devoid of any evidence" that he was cognizant of "the relevant collateral consequences of his plea." Slate does not identify these "relevant collateral consequences" other than to aver, in support of application of the ends of justice exception, that "the record is . . . silent [regarding his] knowledge of the limitations his plea would place on his post-conviction relief options (such as withdrawing the plea)."

Because a defendant who enters a guilty plea waives several rights, a "plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with

sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748. "[A]ccording due process to a defendant's entry of a guilty plea requires 'an affirmative showing [on the record] that the waiver embodied in the plea of guilty is intelligently, voluntarily and knowingly made.'" *Allen v. Commonwealth*, 27 Va. App. 726, 731 (1998) (second alteration in original) (quoting *Graham v. Commonwealth*, 11 Va. App. 133, 139 (1990)).

Slate never objected to the terms of the plea agreement or attempted to withdraw his guilty plea, either before or after sentencing. In addition to the written plea agreement and written colloquy Slate initialed and signed, the trial court conducted an extensive colloquy with him that affirmatively showed that he entered his guilty plea knowingly, voluntarily, and intelligently. Slate acknowledged that he discussed with his attorney the charge against him, including its elements, and any possible defenses. He also stated that he was satisfied with his legal representation and that he had no questions for the trial court.

Thus, we conclude that "the record does not affirmatively establish error," and therefore, application of the ends of justice exception is not warranted. *Smith*, 59 Va. App. at 724. Accordingly, Rule 5A:18 bars our consideration of Slate's argument that he did not enter his guilty plea knowingly, voluntarily, and intelligently.

### C. Sufficiency of the Evidence

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Slate asserts that the trial court erred by finding the evidence was sufficient to prove he possessed methamphetamine. He contends that the Commonwealth's proffer failed to prove that the methamphetamine recovered by law enforcement officers was, in fact, the item they saw Slate discard. Although Slate concedes he did not challenge the sufficiency of the evidence below, he asks that we consider his argument under the ends of justice exception because the Commonwealth's evidence failed to prove his guilt. We decline to do so.

"A voluntary and intelligent guilty plea is a 'waiver' of all non-jurisdictional defects that occurred before entry of the plea." *Trevathan v. Commonwealth*, 297 Va. 697, 697 (2019). As Slate's sufficiency argument does not dispute the trial court's jurisdiction, his plea waived his sufficiency challenge. *See Perry v. Commonwealth*, 33 Va. App. 410, 413 (2000) (holding that by "freely and intelligently entering" an *Alford* plea of guilty, the defendant "waived his right to appeal the issue of whether the evidence was sufficient to prove beyond a reasonable doubt that he was guilty of th[e] charge"). Moreover, to demonstrate that a miscarriage of justice has occurred, "[i]t is never enough for the defendant to merely assert a winning argument on the merits—for if that were enough[,] procedural default 'would never apply, except when it does not matter.'" *Winslow*, 62 Va. App. at 546 (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)).

The record demonstrates that Slate knowingly, intelligently, and voluntarily pleaded guilty to possession of the methamphetamine, that he discarded objects from his vehicle as the police pursued him, and that an item recovered in the area where he discarded the objects was determined

- 8 -

to be methamphetamine. Accordingly, because we conclude that the record does not warrant application of the ends of justice exception to Rule 5A:18, we decline to consider Slate's challenge to the sufficiency of the evidence.

### D. Fourth Amendment Waiver—Sentence

Slate contends that the trial court abused its discretion by conditioning his suspended sentence on a waiver of his Fourth Amendment rights. He stresses that the Commonwealth proffered no evidence supporting the inclusion of the condition and did not suggest that Slate's criminal record justified it. Slate asserts that he did not knowingly and voluntarily waive his Fourth Amendment rights and that such a waiver was not reasonable under the circumstances. He admits that he has not preserved his argument, but again, asks that we consider it under the ends of justice exception because the alleged error "infringes on [his] fundamental constitutional rights."

Slate specifically agreed in the written plea agreement to the sentence and the conditions attached to his suspended sentence. "A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Cangiano v. LSH Bldg. Co.*, 271 Va. 171, 181 (2006). "The doctrine protects a basic tenet of fair play: No one should be permitted, in the language of the vernacular, to talk through both sides of his mouth." *W. Refin. Yorktown, Inc. v. Cnty. of York*, 292 Va. 804, 826 (2016) (quoting *Wooten v. Bank of Am., N.A.*, 290 Va. 306, 310 (2015)). "The approbate-reprobate doctrine is broader and more demanding than Rule 5A:18." *Alford*, 56 Va. App. at 709. Thus, a defendant does not suffer a "grave injustice" when he concurs with or invites the trial court's ruling. *Id.*

As discussed above, the record demonstrates that Slate entered his guilty plea and the conditions attached to it knowingly and voluntarily. He specifically agreed to the Fourth Amendment waiver condition in his suspended sentence and never sought to withdraw his guilty

plea.  Moreover, it is well established that a defendant may waive his Fourth Amendment rights in a plea agreement during the probation period.  *See Anderson v. Commonwealth*, 256 Va. 580, 585-86 (1998); *cf. Murry v. Commonwealth*, 288 Va. 117, 129-30 (2014) (imposition of indefinite waiver of Fourth Amendment rights as condition of probation an abuse of discretion where defendant did not agree to waiver as part of plea agreement).  We therefore hold that application of the ends of justice exception is not warranted and that Slate's argument is not properly before us.  Rule 5A:18.

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  This Court's records shall reflect that David Roger Slate is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*